JACOB MUCKEY, Plaintiff in Error.

vs.

RICHARD P. PIERCE, Defendant in Error.

ERROR TO THE COUNTY COURT OF JEFFERSON COUNTY.

The submission of a cause to arbitrators, by the parties, works a discontinuance of the suit.

Such a submission is not a bar to the action, but a discontinuance merely, and if the submission be revoked, suit may be again commenced and prosecuted.

The effect of a dismissal of an *appeal* taken from the judgment of a justice of the peace, is, to leave the judgment of the justice in force.

The submission of a cause to arbitration after an appeal from the judgment of a justice therein, works a discontinuance of the suit, not a dismissal of the appeal merely.

To dismiss an appeal for such cause, leaving the judgment of the justice in force, is erroneous.

A submission of a cause of action to arbitration pending a suit thereon, may be made a cause of dismissing suit by motion, founded on affidavits establishing the fact of submission.

This was an action of assumpsit commenced by the defendant in error against the plaintiff in error before a justice of the peace. Judgment was rendered in favor of the plaintiff below for the sum of $76.75 damages, and costs. From this judgment, rendered October 25th, 1851, the defendant below appealed to the County Court. At the January term of the County Court, the plaintiff below, by his attorney, moved the court to dismiss the appeal, for the reason that pending the appeal, and after the same was entered in the County Court, the parties to the said cause, had agreed to submit the matters in dispute therein, to arbitrators to be mutually chosen by themselves, that they had selected the arbitrators for that

JUNE TERM 1854.

Muckey vs. Pierce.

purpose, fixed upon a time of meeting, notified the arbitrators, who had entered upon their duties, and that the arbitrators and parties had met at the time and place fixed therefor, &c.

This motion was sustained by the several affidavits of the arbitrators so alleged to have been chosen, stating the agreement to submit the matters of difference between the parties, which constituted the matters in controversy in said suit, the submission to the said arbitrators so chosen, the appointment of a time and place for hearing, the meeting of the arbitrators and parties at the time and place agreed upon, and an adjournment of the hearing for the reason that the parties were not ready. The County Court dismissed the appeal, and the defendant below excepted. Judgment was rendered against the defendant below for costs, to reverse which this writ of error is brought.

*J. E. Holmes*, for the plaintiff in error.

*Jacob Skinner*, for the defendant in error.

*By the Court*, WHITON, C. J. It appears by the bill of exceptions in this case that Pierce made a motion to dismiss the appeal, founded on affidavit setting forth that the matters in dispute between the parties had been submitted to arbitrators, after the cause had been taken to the County Court by appeal from the judgment rendered by the justice. It further appears that the court sustained the motion and dismissed the appeal.

There is no doubt that the submission of a cause to arbitrators by the parties, has the effect to discontinue or dismiss it. The reason is, that the parties have chosen another forum for the determination of the

matters in controversy between them, and the court in which the suit may be pending at the time of the submission, will not proceed further with the case, but will leave the parties to the tribunal they have created for themselves. *Miller vs. Van Anken*, 1 *Wend. R.* 516; *Van Slyke vs. Lettice*, 6 *Hill*, 610; *Larkin vs. Robbins*, 2 *Wend. R.* 505; *ex parte Wright*, 6 *Cowen*, 399; *Towns vs. Wilcox*, 12 *Wend. R.* 503.

But such a submission is no bar to the action; it operates merely to discontinue the suit. If the submission should be revoked, a new suit may be commenced and prosecuted to judgment, notwithstanding the submission.

These principles show conclusively that the judgment which was given in the present case is erroneous; because the effect of it is to leave the judgment which was recovered before the justice in full force. The Statute provides (*Rev. Stat. Chap.* 88, § 242,) that "Upon an appeal being dismissed or discontinued, and a certified copy of the order of dismissal or discontinuance being served upon the justice, he shall proceed as if no appeal had been made." The dismissal of the appeal in this case therefore had the effect to give the appellee a valid judgment, when as he contended, the matter in controversy had been submitted to arbitrators. This is contrary to all the authorities. If the affidavits showed a submission to the arbitrators, the case, and not the appeal, should have been dismissed.

This would have given the parties an opportunity to pursue their controversy before their own chosen tribunal.