ELIZABETH SCOTT, Appellant, v. ALICE C. WILSON, Appellee.

**PLEADING:** Irrelevancy and Immateriality. In an action for services, with prayer for a stated money recovery per week, allegations, and evidence in support thereof, which would lay the basis for (1) specific performance or (2) accounting, are wholly irrelevant and immaterial, and subject to a motion to strike.

**TRIAL:** Instructions—Defining Terms. In instructions relative to the breach of a contract, the court need not define the term "just cause."

**DEPOSITIONS:** Objections Permissible. Depositions filed three or more days prior to the term are not subject, on the trial, to objections other than for incompetency, immateriality, and irrelevancy. (Sec. 4712, Code, 1897.)

**APPEAL AND ERROR:** Indexing Abstract. An index to the different subject-matters of an abstract is all-essential. Failure to index a subject-matter is equivalent to its omission from the abstract.

*Appeal from Polk District Court.*—LAWRENCE DE GRAFF, Judge.

NOVEMBER 29, 1920.

THIS is an action at law, to recover the value of plaintiff's services for a period of 23 years. The defense was a general denial, and plea of full payment. There was a trial to a jury, and a verdict for the defendant. From a judgment entered thereon, the plaintiff appeals.—*Affirmed.*

*C. C. Putnam* and *Judson E. Piper,* for appellant.

*J. L. Witmer* and *Dale & Harvison,* for appellee.

EVANS, J.—In legal effect, this is an action for damages for breach of a contract of employment, though it is not, in terms, so denominated in the petition. The petition pleads a contract between plaintiff and defendant, and that the defendant wrongfully terminated the same, after 23 years of service by the plaintiff. It prays judgment for the reasonable value of the services rendered by the plaintiff during such period, at the rate of $4.00 per week. The evidence is undisputed that plaintiff and defendant lived in the same home for a period of approximately 23 years. The circumstances under which they so lived and the inducements thereto are not greatly in dispute. The plaintiff was a domestic; the defendant was a school teacher, engaged during the entire period in the public schools of Des Moines. During that time, she always maintained a home of a few rooms. The plaintiff was originally employed by her for a period of six weeks, at $1.50 per week. At the termination of such employment, she made her home with the defendant, and worked by the day or hour, more or less, for other persons. She paid nothing to the defendant for room or board, but did the domestic work of the household. For certain specified services, she received compensation from the defendant. Her opportunities for earning compensation from other sources were considerable. The contention of the plaintiff is that the oral understanding and agreement between her and the defendant was that she was to continue for life in her employment, and that provision was to be made for her old age by the defendant, in the event that the plaintiff out-

1. PLEADING: irrelevancy and immateriality.

lived her. This feature of the alleged contract is denied by the
defendant, although she says, in substance, that the relations
between them were always agreeable, and that she had no pur-
pose or desire to terminate them. Plaintiff also testified that the
defendant terminated the contract by directing her to leave.
This is denied by the defendant. The foregoing is a sufficient
statement of the salient facts to enable us to consider the errors
assigned.

I.  Plaintiff's petition contained the following allegations:

"The defendant was a school teacher, and the plaintiff was
a colored girl, a seamstress, and proficient in housework, sewing,
and domestic affairs; and 'it was agreed that the plaintiff should,
by economy and faithfulness in managing the household expendi-
tures for food, household expense, and sewing, aid the defendant
in accumulating more property, and that the defendant would
give the plaintiff a home for her life, and, in the event of de-
fendant's death, she would see that plaintiff was well cared for
the remainder of her days, by always having a good home to live
in.  The plaintiff, under this agreement, entered defendant's
home at said time, and began the performance of her duties
for a period of nearly 23 years, doing the defendant's house-
work, cooking, and domestic work, making most of her clothing,
and thus aiding defendant in accumulating farm land and city
properties, to wit, so far as plaintiff now knows, a farm in Cass
County, Iowa, city property at 1147 Twenty-seventh Street, and
city property on Eighteenth Street in Des Moines, Iowa."

In support of the foregoing allegations, the plaintiff, at the
close of her own testimony as a witness, made the following offer
of proof:

"Mr. Putnam:  I want to make an offer.  Comes now the
plaintiff and offers to prove by the testimony of this witness
that, at the time she went to live with the defendant, that the
defendant then owned a farm in Cass County and a piece of
city property in Prairie City; that both of said properties had
a mortgage upon them; that, subsequent to her entering into
the family of the defendant, the mortgage upon both pieces of
property was paid off, and paid off by the earnings and savings
of both the plaintiff and the defendant, and with the assistance
of the plaintiff; and that the defendant purchased another piece

of property at 1147 Twenty-seventh Street, subject to a mortgage; and that the mortgage was paid off by the defendant from money saved from her salary, and money received from roomers in the house which the plaintiff, Miss Scott, cared for: and further offers to show that the Cass County farm was admitted by the defendant, prior to the time of the separation of the two people, to be of the value of $16,000.''

Upon objection, this offer was rejected, as irrelevant and immaterial. Appellant assigns error upon the ruling. The ruling was proper. This is not an action to enforce specific performance, nor is it an action for an accounting. The only prayer for judgment is what has been already set forth. Whatever remedy was open to plaintiff under her contract, she elected to claim damages for the breach of it, and to claim the reasonable value of her services as the measure of such damage. Taking her petition as true, she was entitled to just this measure of damages, regardless of whether the defendant was affluent or penniless. Her averment that she was to perform the domestic services, in order to enable the defendant to devote herself to other pursuits and to make money thereby, adds nothing to the cause of action, as she has elected to make it. In a general sense, all faithful service rendered to an employer is and ought to be an aid to such employer to devote himself to other labor, and to make money thereby. In that respect, the petition pleads a mere conclusion, and a speculative one at that. It is not claimed that the plaintiff had any part in the acquisition of the property proposed to be exhibited, except that she did the domestic work for the household. It is not claimed that there was a partnership or a joint adventure in any other sense. Assuming that the contract were proved, and the breach of it by the defendant, the one question left was the reasonable value of the plaintiff's services. This was fixed by the petition at a maximum of $4.00 per week. If the evidence offered had been received for the purpose offered, it could only operate to enhance the damage. Inasmuch as the jury found that the plaintiff was not entitled to recover at all, no prejudice could result in rejecting enhancing evidence.

It is sufficient, however, to say that the allegations of the petition which the offered evidence tended to support were

clearly irrelevant, and might have been stricken on motion. The offered evidence was likewise irrelevant, and was properly rejected.

II. Appellant assigns error in Instruction 5, given by the court. This instruction advised the jury that the burden was upon the plaintiff to establish her contract as alleged, and that she performed her part thereof, and that "the defendant terminated said contract without just cause, or, in other words, breached said contract by failing to perform the conditions of said contract as agreed by and between the parties thereto." Appellant's criticism is directed against the phrase "without just cause," in that the court failed to define a "just" cause, and in that there was no issue in the pleadings on the question thus presented. The claim that the court should have defined the term "just cause" is hypercritical. Counsel does not suggest a definition which would render these terms any plainer than they are upon their face. Furthermore, the court did amplify, by putting the same: "In other words, breach said contract by failing to perform the conditions of said contract as agreed upon."

Neither is it correct to say that the court went beyond the issues of the pleadings. Plaintiff necessarily charged the defendant with a wrongful breach of the contract, and the defendant's general denial made an issue thereon. We see little merit in this assignment.

III. The defendant took the deposition of Margaret Neal upon certain interrogatories. The last written interrogatory submitted to such witness was as follows:

"State anything further in answer to any of the preceding interrogatories that you may have omitted."

This interrogatory evoked a very lengthy answer from the witness, which has somewhat the appearance of a lengthy rehearsal of her previous answers, though none of such previous answers are included in the abstract. The court permitted the reading of this answer, over the objections of the plaintiff. At the close of the reading, the plaintiff moved to strike the same. This objection was sustained in part and overruled in part, and the appellant assigns error at this point. The objec-

*(margin notes)*
2. TRIAL: instructions: defining terms.

3. DEPOSITIONS: objections permissible.

tions of the plaintiff were lengthy and specific. The most of them were such as ought to have been made by appropriate motion to suppress, filed in the case as provided by Code Section 4712. The deposition was filed on June 2, 1919, and no objection thereto was made until the trial, on October 10, 1919. The only objection permissible to the plaintiff at that time was on the ground of incompetency, immateriality, or irrelevancy. Furthermore, the court sustained the plaintiff's motion to strike "as to the first and last paragraph of the motion." Such motion, as printed in the abstract, is quite extensive, covering somewhat more than a printed page. It is all set forth therein in one paragraph. The abstract wholly fails to disclose just what part of the motion was included in the "first" paragraph or in the "last" paragraph. We are compelled to say, therefore, that the error complained of is not disclosed in the record before us.

If anything more were needed to increase the confusion of the record on this question, it is found in the failure of appellant to make any reference to this testimony in her index. To give any consideration, therefore, to this assignment of error, we have had to search for the evidence, page by page. The index is an essential part of the abstract, and an improper omission therefrom is the equivalent of its omission from the abstract. *Wheeler v. Schilder,* 183 Iowa 623. We may say, however, that, upon a careful reading of the answer complained of, we find nothing objectionable, or at least prejudicial, therein, except the expression of opinion as to the mental condition of the plaintiff. It seems to be conceded that this was expressly ruled out by the court. The other written interrogatories put to the witness are not contained in the abstract, and we will assume that the answers before us were all responsive to some of them. We find nothing in the record of which the appellant may justly complain. The judgment below is, therefore,—*Affirmed.*

4. APPEAL AND ER-
   ROR: indexing
   abstract.

WEAVER, C. J., PRESTON and SALINGER, JJ., concur.