LAVINIA P. WALSH vs. TOWN OF LEBANON.

* MALTBIE, C. J., HAINES, HINMAN and BANKS, Js.

Argued December 1st, 1931—decided January 26th, 1932.

* By agreement of counsel this case was heard by four justices.

*Arthur M. Brown,* with whom, on the brief, was *Charles V. James,* for the appellant (defendant).

*Hibberd R. Norman,* for the appellee (plaintiff).

PER CURIAM. The only question involved in this case, arising by reason of the overruling by the trial court of one ground of a demurrer to the plaintiff's appeal from the board of relief of the defendant town, is the right of the assessors of the town in making a general revaluation of the taxable real estate in it, to list for taxation the tree-growth upon certain lands of the plaintiff which at her request had been certified by the state forester under the statute concerning the taxation of tree-growth land. General Statutes, § 1188. That statute provides that when land is so certified the land inclusive of the tree-growth upon it shall, except for the qualification in the following section, thereafter be set in the list of the owner in the same manner and at the same value as appeared in the last completed assessment next prior to the owner's request for certification. The following section, § 1189, provides that if a general revaluation of the taxable real estate in a town is made after the certification, the land shall be subject to revaluation in the same manner as other land in the town, but the tree-growth upon it shall not be assessed during the revaluation and shall thereafter be exempt from taxation. The language of this section is too plain and clear to admit of modification by any process of judicial interpretation. *O'Brien* v. *Wise & Upson Co., Inc.,* 108 Conn. 309, 315, 143 Atl. 155; *Granniss* v. *Weber,* 107 Conn. 622, 629, 141 Atl. 877; cases cited

111 Conn. 294. In and after a general revaluation of the taxable real estate in the town, the tree-growth upon any land certified is exempt from taxation and the land exclusive of the tree-growth is to be assessed in the same manner as other land in the town. The appeal from the board of relief alleged that, in making a general revaluation of the taxable real estate in the town, the tree-growth on the land certified by the state forester had been included in the assessment list and the board of relief had refused the plaintiff relief from that inclusion. The ground of demurrer in question, to the general effect that the plaintiff was seeking relief to which she was not entitled under the statute, was properly overruled.

There is no error.