JAMES FARMER *vs.* BIEBER-GOODMAN CORPORATION ET ALS.

MICHEAL MOCKOVAK *vs.* H. McLACHLAN HAT COMPANY ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, Js.

Argued February 8th—decided April 3d, 1934.

*Lazarus S. Heyman,* with whom was *Rocco E. La-Cava,* for the appellants (plaintiffs).

*John F. Chatfield,* with whom was *DeLancey S. Pelgrift,* and, on the brief, *Wilson C. Jainsen,* for the appellees (named defendants, Maryland Casualty Company, Manufacturers' Casualty Insurance Company *et als.*).

*Thomas R. Robinson,* with whom, on the brief, was *Daniel L. O'Neill,* for the appellee (The Travelers Insurance Company).

*Raymond E. Baldwin,* for the appellees (defendants Frank H. Lee Hat Company and General Accident Fire and Life Insurance Corporation).

*Harold K. Watrous,* with whom, on the brief, was *Daniel G. Campion,* for the appellee (Aetna Life Insurance Company).

*Henry Shannon, Jr.,* for the appellees (defendants Paul Martin Hat Company and Sun Indemnity Company).

*Edward A. Tyler,* for the appellee (Merchants Mutual Casualty Company).

MALTBIE, C. J. These two cases present the same question of law. The plaintiffs in both claim compensation for incapacity resulting from mercurial poison-

ing, an occupational disease, arising out of and in the course of their employment in the hat industry. In each the commissioner denied compensation because of a failure of the plaintiff to meet the requirements of the statute as to written notice of the claim for compensation. In the Farmer case the first manifestation of a symptom of the disease occurred in the fall of 1931, the plaintiff became incapacitated March 2d, 1933, but he made no written claim for compensation until June 5th, 1933. In the Mockovak case the first manifestation of a symptom of the disease was in January, 1932, the plaintiff became incapacitated in October, 1932, but he made no written claim for compensation nor did he make any request for a hearing in regard to it nor was it assigned for hearing within one year after the first manifestation of a symptom of the disease.

The law to be applied is that in effect when the plaintiff's right to compensation arose, that is, when a compensable incapacity occurred. *Preveslin* v. *Derby & Ansonia Developing Co.*, 112 Conn. 129, 142, 151 Atl. 518; *Panico* v. *Sperry Engineering Co.*, 113 Conn. 707, 709, 156 Atl. 802. In 1927 the legislature amended the provisions of the statute previously existing with reference to the notice of a claim for compensation, but the Act of which that provision formed a part was not signed by the Governor within the time required under the Constitution, and hence was not validly enacted. *Preveslin* v. *Derby & Ansonia Developing Co., supra; Senzamici* v. *Waterbury Castings Co.*, 115 Conn. 446, 448, 161 Atl. 860. It was, however, reënacted at the Special Session of 1929 and became effective upon August 6th, 1929. Public Acts, Special Session of 1929, Chap. 1. It is the Public Act of 1927 as now incorporated in the Revision of 1930, § 5245, which controls these cases. That section, so far as

relevant, provides: "No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation shall be given within one year from the date of the accident or from the first manifestation of a symptom of the occupational disease, as the case may be, which caused the personal injury. . . . If there shall have been a hearing or a written request for a hearing or an assignment for a hearing within one year from the date of the accident, or from the first manifestation of a symptom of the occupational disease, as the case may be, . . . no want of such notice of claim shall be a bar to the maintenance of the proceedings."

Previous to the time when the Act of 1927 became effective, the law had required written notice of a claim for compensation to be made "within one year from the date of the injury." General Statutes, Rev. 1918, § 5360. We construed the date of the "injury" to mean, not that of "the accident or occurrence which caused the injury" but the date when the injury became compensable. *Esposito* v. *Marlin-Rockwell Corporation*, 96 Conn. 414, 418, 114 Atl. 92; *Hines* v. *Norwalk Lock Co.*, 100 Conn. 533, 540, 124 Atl. 17. There can be no doubt that when the legislature substituted, as regards incapacities other than those due to occupational diseases, the word "accident" for the word "injury" and specifically provided, as regards occupational diseases, that notice should be given within one year from the first manifestation of a symptom of the disease, it intended to change the law as it had previously existed. We are bound by the legislative fiat as expressed in the statute and, as regards occupational disease, the statute can only mean that the time within which notice of a claim for compensation must be given runs from the first manifestation

of a symptom. It is true that, as appears from the finding in the Farmer case, when mercurial poisoning occurs, incapacity may not result until more than a year has elapsed after the first manifestation of a symptom of the disease. We cannot believe that the legislature intended to preclude the recovery of compensation in such cases. While in such a situation the employee would have no immediate claim for compensation, there is nothing in the Act which prevents him from giving notice to the employer, within one year from the first manifestation of a symptom of the disease, that he would demand compensation should he be thereafter incapacitated by reason of the disease. Notice so given would enable the employee to secure compensation, should incapacity ultimately result, and give to the employer the protection which the statute contemplates.

In these cases the requirements of the statute, so construed, were not met and we cannot abrogate the clear expression of the legislative intent embodied in it. *O'Brien* v. *Wise & Upson Co., Inc.,* 108 Conn. 309, 318, 143 Atl. 155. "We are not permitted to seek out what we may conceive to be the equities of each particular case and ignore specific provisions of the statute law which clearly control them." *Blodgett* v. *New Britain Trust Co.,* 108 Conn. 715, 719, 145 Atl. 56. Where the language of a statute is unambiguous "the judiciary is powerless to intervene even to remedy a mistake. To attempt to do so would be a palpable exercise of legislative functions." *McKay* v. *Fair Haven & W. R. Co.,* 75 Conn. 608, 611, 54 Atl. 983. The giving of the notice within the time fixed in the statute is a condition precedent to a recovery of compensation unless a case falls within one of the exceptions specified. *Walsh* v. *Waldron & Sons,* 112 Conn. 579, 583, 153 Atl. 298.

The trial court was correct in sustaining the commissioner's ruling that neither plaintiff could recover. There is no error in either case.

In this opinion the other judges concurred.