ALEXANDER GORDON BREMNER ET AL. *vs.* MARC EIDLITZ & SON, INCORPORATED, ET AL.

MALTBIE, C. J., HAINES, HINMAN, AVERY and PEASLEY, Js.

Argued June 13th—decided July 16th, 1934.

*Frank W. Daley* and *William T. Holleran,* with whom, on the brief, were *Leonard J. Gilhuly* and *Frederick Houde,* for the appellant (plaintiff).

*Thomas R. Robinson,* with whom, on the brief, was *Daniel L. O'Neill,* for the appellees (defendants).

MALTBIE, C. J. The compensation commissioner dismissed a claim of Alexander Gordon Bremner for compensation; Bremner appealed to the Superior Court, and, pending the appeal, died, whereupon his testatrix was substituted as plaintiff. The case comes to us by appeal from the decision of the Superior Court sustaining the ruling of the commissioner.

Bremner had worked for many years as a stone cutter and from July, 1928, had been employed by the defendant employer supervising masonry work on certain large buildings it was erecting and occasionally doing some cutting and fitting of stones. On January 3d, 1931, he consulted a doctor because he had a cold and was coughing, and X-rays of his lungs were taken. The doctor found indications of pneumoconiosis, probably associated with a tuberculous process. He prescribed certain medicines and directed Bremner to take his temperature morning and night and bring in some sputum for examination. On January 17th, 1931, Bremner's cough had practically disappeared, he had no more sputum, and had gained somewhat in weight, and the clinic findings were such that the doctor did not believe he had an active tuberculosis and discharged him. On March 19th, 1932, Bremner returned to the doctor, complaining again of a cold and coughing. No change in the chest conditions was found except for signs of a chronic bronchitis. On April 29th, 1932, Bremner was forced to stop work because of illness and was never able to resume. No written notice

of a claim for compensation was filed until March 15th, 1933. The commissioner found that the first manifestation of a symptom of silicosis evidenced by Bremner was in January, 1931, when he had the cough, was short of breath and raised sputum.

Bremner testified that he believed in January, 1931, even after X-rays had been taken, that he had bronchitis, the symptoms of which are similar to silicosis in its earlier stages, and claimed that he did not actually know at that time he was suffering from silicosis, or any disease due to his occupation, and did not know it until within a year prior to March 15th, 1933; and he claimed as matter of law that he was not bound to give written notice of a claim for compensation except within one year from the date when it became actually known to him that he was suffering from an occupational disease. This claim of law the commissioner overruled, and made no ruling upon Bremner's claim of fact that he did not actually know that he was suffering from a disease due to his occupation, until within a year prior to March 15th, 1933. The commissioner dismissed the claim because no written notice of a claim for compensation had been given within one year from the date of the first manifestation of a symptom of an occupational disease.

The case presents a question which we have not previously found it necessary to determine. In each of the cases of *Farmer* v. *Bieber-Goodman Corporation* and *Mockovak* v. *H. McLachlan Hat Co.*, 118 Conn. 299, 172 Atl. 95, the contentions of the plaintiff in this court raised no question as to the time when the first symptom of the occupational disease manifested itself, but the argument proceeded upon the basis of the correctness of the commissioner's finding that there had been such a manifestation at a certain time; and in *Rehtarchik* v. *Hoyt-Messenger Corporation*, 118 Conn.

315, 172 Atl. 353, it was not questioned that the time for giving written notice of a claim for compensation ran from the date when the plaintiff's physician discovered that he was suffering from mercurial poisoning, and it did not appear that the physician had not then informed him that he had that disease.

Section 5245 of the General Statutes provides that, with certain exceptions not material to the issues before us, "no proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation shall be given within one year from the date of the accident or from the first manifestation of a symptom of the occupational disease, as the case may be, which caused the personal injury." We have held that unless such notice is given in accordance with the provisions of the Act the commissioner is without jurisdiction to hear the case. *Walsh* v. *Waldron & Sons*, 112 Conn. 579, 583, 153 Atl. 298; *Farmer* v. *Bieber-Goodman Corporation*, 118 Conn. 299, 303, 172 Atl. 95. The verb "to manifest" means to show plainly or to make to appear distinctly. Webster's New International Dictionary. The Century Dictionary lists the adjective "manifest" among its synonyms as follows: Clear, plain, evident, manifest, obvious, patent, palpable, unmistakable, conspicuous, and says: "What is clear can be seen without dimness; what is plain can be seen by anyone at the first glance, without search or study. Evident suggests something more of a mental process, but no difficulty in seeing that the thing is true. Manifest is a degree stronger than evident, the mind getting the truth as by an intuition." No doubt the legislature used the word manifestation with something of this significance, intending that the duty of giving notice, and the risk that an employee might forfeit compensation for an occupational disease, should arise only when a symptom of

that disease should plainly appear, not when it was merely suspected or doubtful. Beyond this, the word in its use in the provision in question implies two things. One is that the duty to give the notice is not conditioned upon actual knowledge but upon the fact that the symptom of the disease manifests itself; an employee cannot close his understanding to that which is clear and plain, and if the circumstances are such that a reasonable man would clearly recognize the existence of a symptom of an occupational disease, it must be regarded as manifest in the sense of the statute; for in the law it is usually so that what a man ought to know he is conclusively deemed to know. *Nehring* v. *Connecticut Co.*, 86 Conn. 109, 123, 84 Atl. 301. The other implication arising out of the phrase in question is that there must be a clear recognition of the symptom as being that of the occupational disease in question; however plain is the presence of the symptom itself, unless its relation to the particular disease also clearly appears, there cannot be said to be a manifestation of a symptom of that disease.

But to whom must the symptom so manifest itself? Ordinarily the law does not give a right or impose a liability based upon knowledge, unless it be the knowledge of the particular person whose right or liability is in question. Here the notice which must be given if compensation is to be awarded an employee clearly must be one given by him or by someone in his behalf; and the risk of loss, if it be not given, is personal to him. This very forcibly suggests that the manifestation of a symptom of an occupational disease which sets running the time within which notice is to be given, must mean its manifestation to the employee claiming compensation. Indeed, that this must be so requires little consideration of the possibilities inherent in a construction of the statute which would make his right

depend upon the manifestation of a symptom of the disease to others. Most symptoms of disease are not peculiar to one disease alone and their recognition is matter largely within the field of expert medical knowledge; when an employee, feeling ill, visits a physician, the physician may find clearly present a symptom of some serious occupational disease, but he may find other symptoms present suggesting the possibility of some other disease and, until he is more certain, he may well deem it advisable not to inform the employee of the indication of the occupational disease he has found. So, when an employee feels ill, he may go or be sent by his superior to a physician selected by his employer or the insurer and if recognition of a symptom of an occupational disease by such a physician is to set running the time for giving notice of a claim for compensation, there would be present an opportunity for the representative of the employer or the insurer to defeat a just claim for compensation by merely keeping silent. Certainly we cannot impute to the legislature an intent to make the right of a particular employee to compensation depend upon the adventitious knowledge of others, perhaps strangers to him, or the knowledge of a physician who deems it his duty in the interest of his patient to conceal the actual fact from him, or the knowledge of one the interest of whose employer may well tempt him to keep silent as to the true fact. These examples are by no means intended to exhaust the possibilities of injustice under the law if the manifestation of a symptom of a disease be not construed to mean its manifestation to the employee affected. The legislature clearly must have intended that the manifestation should be to the employee or someone standing in such a relation to him that the knowledge of such a person would be imputed

to him, and be such as is or ought to be recognized by him as symptomatic of an occupational disease.

The claims made by Bremner as to the time when the first manifestation of the disease occurred within the meaning of the statute were not technically correct, but clearly the commissioner applied a wrong principle in dismissing the case. The plaintiff under a correct application of the law may be able to show that she is entitled to compensation. The case should be remanded to the commissioner for disposition in accordance with the meaning of the statute set forth above. *Glodenis* v. *American Brass Co.,* 118 Conn. 29, 34, 170 Atl. 146.

There is error, the judgment is set aside and the case remanded to the Superior Court with direction to sustain the appeal and return the case to the commissioner for further proceedings.

In this opinion the other judges concurred.