STANLEY BACKIEL
*vs.*
THE MOHICAN COMPANY ET AL.

Superior Court      Hartford County      File No. 67233

MEMORANDUM FILED SEPTEMBER 30, 1942.

*Frank P. Kumpitch,* of Hartford, for the Plaintiff.

*J. Ronald Regnier,* of Hartford, for the Defendant.

Memorandum of decision on appeal from action of Compensation Commissioner.

O'SULLIVAN, J. This is an appeal from an award of the Compensation Commissioner for the First District, dismissing the plaintiff's claim for compensation. The finding, as added

to by the court, discloses these facts: For some years prior to December 8, 1941, the plaintiff had been employed as a baker by the Mohican Company, which will be referred to as the defendant. In connection with his work, he came in contact with dusts of various kinds, such as those arising from flour, smoke, soot and ashes, and had been subjected to extremes of heat and cold. During the month of September, 1940, he consulted Dr. Zeman of Hartford, who told him that an asthmatic bronchitis, from which he was suffering, was due to his occupation and that he should give up his job and seek other employment. However, the plaintiff did not accept this advice but continued on with his work. In spite of Dr. Zeman's opinion as to the source of the plaintiff's chest condition, the bronchitis is, in fact, due to a sinus and nasal condition and is not chargeable to his work. The Commissioner dismissed the claim: (1) because the malady from which the plaintiff is suffering is not due to his occupation and (2) because of a lack of jurisdiction to entertain the claim.

The reasons of appeal seek corrections in the finding. While it will not affect the result, the correction referred to in the first reason has been granted and has been incorporated in the above recital. Another requested correction runs to the effect that the bronchitis is not traceable to the work. On this subject, there was a conflict of medical opinion. A finding cannot be held to be erroneous merely because it is based upon the opinion of one medical expert in opposition to that of several others testifying to the contrary. *Driscoll vs. Jewell Belting Co.,* 96 Conn. 295, 300.

The Commissioner made his award on February 17, 1942. About a month previous, the case of *LeLenko vs. Wilson H. Lee Co.,* 128 Conn. 499, was decided. The opinion held that if a disease is the natural result of conditions which are inherent in the employment and which attach to that employment a risk of incurring it in excess of that attending employment in general, an award of compensation is not precluded because the risk is one which has not become generally recognized or because only employees unusually susceptible will suffer from the disease.

If the Commissioner was satisfied that the plaintiff was susceptible to bronchitis caused by his association with dust from the materials in which his work brought him into contact, compensation would follow under the *LeLenko* case. It must be

assumed that the Commissioner was familiar with that decision. The finding, however, shows that the bronchitis was not trace-able to the dust. This court cannot substitute its own notion on a disputed issue involving conflicting testimony for that of the Commissioner, save in the exceptional case where the latter's conclusion follows the opinion of an expert which is based on grounds so unreasonable that to accept it creates an error of law. *Driscoll vs. Jewell Belting Co., supra,* p. 299.

The Commissioner further concluded that he was without jurisdiction to make an award because more than one year had elapsed between the date of the first manifestation of a symptom of the claimed occupational disease and that of a claim for compensation.

Section 1330e of the 1939 Supplement to the General Stat-utes provides that "no proceedings for compensation....shall be maintained unless a written notice of claim for compensa-tion shall be given within one year from the....first manifes-tation of a symptom of the occupational disease." Unless such a notice is given, the Commissioner is without jurisdiction to hear the case. *Walsh vs. Waldron & Sons,* 112 Conn. 579, 583; *Farmer vs. Bieber-Goodman Corp.,* 118 id. 299, 303.

The interpretation placed on the statute appears to be this: the time within which notice is to be given starts running when the employee or someone standing in such relation to him that the knowledge of such person would be imputed to him, be-comes cognizant of the manifestation of the occupational dis-ease. The duty of giving written notice is not conditioned upon actual knowledge but upon the fact that the symptom of the disease manifests itself. Consequently, "an employee can-not close his understanding to that which is clear and plain, and if the circumstances are such that a reasonable man would clearly recognize the existence of a symptom of an occupational disease, it must be regarded as manifest in the sense of the statute; for in the law it is usually so that what a man ought to know he is conclusively deemed to know." *Bremner vs. Eidlitz & Son, Inc.,* 118 Conn. 666, 670.

It is further required that there must be a clear recognition of the symptom as being that of the occupational disease in question. However plain is the presence of the symptom itself, unless its relation to the particular disease also clearly appears, there cannot be said to be a manifestation of a symptom of that disease.

. In view of the finding that the plaintiff was informed during September, 1940, that the bronchitis from which he was suffering was due to his occupation and that he should give up his job and seek other employment, the plaintiff was made definitely aware of the existence of an occupational disease. Thereupon his duty required him, within one year thereafter, to give a written notice of claim for compensation to the defendant. Having failed to do so, the Commissioner rightfully decided that no jurisdiction obtained to make an award.

The plaintiff stresses that the finding should be corrected by eliminating that portion which is concerned with the information given in 1940 by Dr. Zeman. It is, of course, true the doctor testified that he made no statement concerning the cause of the chest condition or of its relationship to the plaintiff's work. However, the Commissioner had before him the plaintiff's testimony which was diametrically opposed to that of Dr. Zeman. It is not unlikely that the former's memory of what was said would be more apt to be correct, in as much as he was the one afflicted, as opposed to that of a professional man who probably had seen hundreds of other patients during that period of time, from 1940 until the date of the hearing, well over a year later. On a question of this sort, the Commissioner's conclusion cannot be disturbed.

Accordingly, the appeal is dismissed.