ANDREW J. RUSCH, ADMINISTRATOR (ESTATE OF
FREDERICK A. RUSCH) *v.* WILLIAM J. COX,
HIGHWAY COMMISSIONER.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued March 3—decided April 6, 1943.

*Robert L. Halloran,* for the appellant (defendant).

*George C. Morgan,* for the appellee (plaintiff).

DICKENSON, J.  The complaint alleged that the death of the plaintiff's intestate was caused by a defective highway.  The answer was a general denial. When the case was called for trial, the defendant asked for a continuance on the ground of absent witnesses. The trial was to the court and the court denied the request stating that the defendant would be given an opportunity to present the witnesses at a subsequent date.  Trial was commenced and on the following day the defendant again asked for a continuance on the ground of newly discovered evidence and moved for permission to amend his answer to accord with this evidence.  The court denied both requests and the trial proceeded.  During the trial it appeared that the defendant had been suspended as highway commissioner. After the conclusion of the trial, a deposition was taken of an absent witness, the deposition was returned to court, opened by the trial judge and considered with the evidence adduced at trial.  Judgment was rendered for the plaintiff from which the defendant appealed to this court.

The defendant prefaces his brief with six issues he considers involved in the case and pursues certain other assignments of error.  Briefly, the issues so stated are these: the refusal of the trial court to grant the motions for a continuance and for permission to amend the answer; the refusal of the court to permit the defendant to take advantage of a statutory defense to the action which was not pleaded; the court's jurisdiction over the defendant in view of his suspension as highway commissioner; the treatment of the deposition by the court; the court's conclusion that the highway was defective and the violation of the defendant's

statutory duty as to its care was the sole cause of the death of the plaintiff's intestate.

We state the facts as they appear in the finding, in which no material change can be made. The plaintiff's intestate was a passenger in a car being driven in the night season by a companion in an easterly direction on the Boston Post Road, a trunk-line highway, in the town of Waterford. The headlights of the car were on and it was traveling at a speed of between thirty and thirty-five miles an hour. A large truck approached from the opposite direction. The driver of the decedent's car turned to his right to give the truck a wide berth. This brought the left wheels of his car to the southerly edge of the concrete (which was twenty feet in width) and the right wheels about four feet south of this edge. About four feet farther to the south was a wire guardrail or cable fence. Between the concrete and the cable fence was an oiled shoulder of the highway about eight feet in width. The fence ended at a passway into an adjoining meadow. There was a gap of about forty-five feet and then began a wooden fence which continued along the highway. The first post of this fence was in line with the cable fence referred to before, but the second post was about four feet nearer the concrete. Between these two posts two nine-foot board railings were nailed, one at the top of the posts and the other halfway to the ground. This construction formed an angle facing east-bound traffic and narrowed the southerly shoulder of the highway from eight feet four inches to four feet. The driver of the car in which the plaintiff's intestate was riding, passing the eastern end of the cable fence and the gap, failed to see the western end of the wooden fence until it was immediately in front of him. Just as his car and the truck were passing each other, the car struck the second post, referred to above, of

the wooden fence. A fence rail pierced the windshield of the car and struck the plaintiff's intestate who sat, asleep, on the driver's right, causing his death. The driver had never operated a car easterly over this stretch of road and there were no signs warning of the narrowing of the road. The eight-foot shoulder extended from the eastern end of the cable fence for a distance of about one hundred and seventy feet to the west.

In 1938 the state highway department had ordered the reconstruction of all wooden fences in this district and work had been started there on August 15, 1938. In connection with the work a sign had been placed one and three-tenths of a mile west of the point of collision and about eight feet south of the concrete. The sign was about four feet by three feet in size and was visible for five hundred feet from the west, and each night a lighted red lantern was attached to it. The printing on it was as follows: First line, "Caution" (eight-inch letters); second line, "Guard Rail" (six-inch letters); third line, "Under Repair" (six-inch letters); down at the left corner, "Section 1513 Public Acts of 1930," beneath which appeared, "Per Order of the State Highway Commissioner" (one and one-fourth inch letters). At the time of the collision, construction work was being done on guardrails eight-tenths of a mile west of the place of collision.

The trial court concluded that the "staggering" or variation in alignment of the two fences created a dangerous and defective condition in the highway, and while the chief claim of the plaintiff on trial was that the wooden fence was rotten and defective in condition his complaint sets up the location of the fence as a cause of the collision and furnishes support for a recovery on this ground. We may not hold that the conclusion of the trial court that the staggering of the

fences under the circumstances constituted a defective road was unreasonable, as a matter of law. Nor can we say that its further conclusion that no negligence of the plaintiff's intestate or his driver contributed to cause the collision was not justified. *Johnson* v. *Shattuck,* 125 Conn. 60, 62, 3 Atl. (2d) 229. The sign was far from the scene of the collision and gave no warning of a narrowing of the highway; the broad shoulder beside the cable fence invited travel in the face of the approaching truck and, while the driver did not see the fence or post until it was right in front of him, the trial court might reasonably have found that the driver had no reason to expect the presence of the wooden fence and that when he should reasonably have seen it, it was too late to avoid the collision.

As to the refusal of the court to grant a continuance and to permit an amendment to the answer, it appears that the action had been pending three years; that it had been assigned for trial to be heard February 17, 1942; that on that day defendant's counsel objected to proceeding to trial because of the absence of witnesses whose deposition might be necessary but the court denied the motion stating that if, when the available witnesses were exhausted, it appeared that time was needed to obtain the testimony of other witnesses the defendant would be given an opportunity to do this. The trial then proceeded. On the following day defendant's counsel again moved for a continuance, this time on the ground of newly discovered evidence (the existence of the sign mentioned above), and further moved for permission to amend his answer in this connection. Both motions were denied, the court calling attention to the fact that the case had been pending three years and the plaintiff had been "lulled apparently into security" that he would try the case on the complaint as drawn and would now be con-

fronted with the difficult task of getting evidence to meet the proposed amendment. Motions for a continuance are within the discretion of the trial court and their denial is not error unless that discretion is abused. *Allen* v. *Chase*, 81 Conn. 474, 71 Atl. 367; *State* v. *McLaughlin*, 126 Conn. 257, 260, 10 Atl. (2d) 758. As to amendments, we said in *Clayton* v. *Clayton*, 115 Conn. 683, 686, 163 Atl. 458, that, unless there is some sound reason for denying permission to amend, it should be granted, but we added that when an amendment is offered the circumstances in the particular case such as unreasonable delay, fairness to the opposing party and negligence of the party offering the amendment are to be considered and "much must necessarily be left to the sound discretion of the court." So far as the missing witnesses were concerned, the court left the door open for their entrance at a later day. As to the newly discovered evidence, it related to the posting of a warning sign and if this was posted in compliance with the statute, as the defendant claimed, it must have been posted by him and so was within his knowledge from the time it was set up. *Bremner* v. *Eidlitz & Son, Inc.*, 118 Conn. 666, 670, 174 Atl. 172; *Nehring* v. *Connecticut Co.*, 86 Conn. 109, 123, 84 Atl. 301, 524. There was no abuse of discretion in the denial of the motions to continue and to amend.

The defendant made the alternative claim that in the absence of such an amendment he might rely upon the statute as a bar to the action. General Statutes, § 1513, provides that the commissioner may close or restrict traffic over highways within his control by posting notices and, where such signs are posted, any person using the highway does so at his own risk. It is not necessary to discuss the legal effect of such signs. The question relating to them before us is whether it was necessary to plead the statute in order to make it

available as a defense. The defendant has made three claims in this respect. He contends in substance that permission to sue the sovereign state is restricted by all such statutes; that the courts have judicial knowledge of them and should apply them; and that we have recognized a procedure in recent cases of applying them when they were not alleged. Courts, of course, have judicial knowledge of the statutes, but they may not take judicial notice of the facts of a particular case that make them applicable when these are not alleged. The gravamen of the complaint is a defective highway caused by the presence of a fence dangerously located in the highway. There is no allegation in the answer that the road was under repair, or that notices were posted in compliance with the statute, such as appears in the proposed amendment. A pleading must allege the facts upon which a party proposes to rely in such a way as fairly to apprise the court and the opposing party of his claims. *Volpe* v. *Gunder,* 129 Conn. 14, 17, 26 Atl. (2d) 13; *Lewandoski* v. *Finkel,* 129 Conn. 526, 530, 29 Atl. (2d) 762. The defendant has directed our attention to *Belhumuer* v. *Bristol,* 121 Conn. 475, 185 Atl. 421, and *McManus* v. *Jarvis,* 128 Conn. 707, 22 Atl. (2d) 857, as instances where the statute was not pleaded. It is sufficient answer to this to say that in those cases the question of pleading was not raised by assignment of error. *Lyon* v. *Wilcox,* 98 Conn. 393, 397, 119 Atl. 361. The trial court was not in error in ruling that the statute could not be considered as a defense unless pleaded.

General Statutes, § 1481, provides that an action may be brought against the highway commissioner in case of defective roads under his control and that upon the filing with the comptroller of a certified copy of a judgment for the plaintiff the amount shall be paid by the state. During the trial it was called to the atten-

tion of the court that Mr. Cox had been suspended as highway commissioner and it is found that he was so suspended at the time of judgment. He questions the jurisdiction of the court. He had no personal interest in the results of the litigation and was merely a party to the action as representative of the state. In such a situation the action would not abate. *State's Attorney* v. *Selectmen of Branford*, 59 Conn. 402, 409, 22 Atl. 336; *People ex rel. La Chicotte* v. *Best*, 187 N. Y. 1, 7, 79 N. E. 890; 38 C. J. 859, § 566. In the answer it was admitted that he was highway commissioner of the state, and the only claim that judgment could not be rendered against him made at the time of the trial was incidentally advanced in the discussion of a ruling on evidence relating to the claim for a continuance and permission to file an amendment. As pointed out in the *La Chicotte* case, the appropriate procedure to raise the question is by proceedings addressed to securing a change in the party defendant. Not having taken any steps to that end, the defendant is not in a position to claim in this court that the judgment was erroneous on this ground. See *Cole* v. *Jerman,* 77 Conn. 374, 382, 59 Atl. 425.

A deposition of the driver of the car in which the plaintiff's intestate was riding at the time of the collision was taken eleven days after the end of the court trial, at the plaintiff's instance, in North Carolina. Notice of it was given to the defendant four days before that date. Counsel appeared at the hearing and objected to proceeding for lack of reasonable notice. The hearing proceeded, however, and defendant's counsel took part and noted objections to the admission of various questions propounded. He now contends there was error in the consideration of the deposition by the court and in its failure to regard the objections to evidence registered in the deposition. It

appears from the record that defendant's counsel stated in writing that he had no objection to the deposition being opened and considered by the court. As to the objections to the questions noted in the deposition, in order to be available at all, objections addressed to the form, where the question objected to may be replaced by another and the defect avoided, must be made while the deposition is being taken, for otherwise a party might be misled into a failure to avoid a defect easily remedied; on the other hand, under our statutes, depositions may be taken before persons having no judicial capacity, and, consequently, while it is good practice to make objections to competency, relevancy or materiality at the taking of the deposition, such objections, though not then advanced, may be made when it is read at the trial. From this it results that, unless an objection is made to a question in a deposition when it is read at the trial and, if the objection is overruled, an exception is then taken, the objection is not available upon an appeal to this court. *Hennessy* v. *Metropolitan Life Ins. Co.*, 74 Conn. 699, 708, 52 Atl. 490; *Alspaugh* v. *Dillon*, 83 Conn. 65, 71, 75 Atl. 82; *Scott* v. *Wilson*, 190 Iowa 73, 78, 179 N. W. 941; *Hart* v. *Frost*, 73 Okla. 148, 150, 175 Pac. 257. The submission of the deposition to the court in the manner stated waived any objection. *Hill* v. *Sherwood*, 3 Wis. 309, 311.

During the trial plaintiff's counsel asked a witness how many accidents there had been at this location in the preceding ten years. The question was objected to and withdrawn. Later the plaintiff's counsel asked another question along the same lines. The court then inquired whether he intended to offer evidence that on other occasions motorists driving east during the nighttime had driven through the gap into the meadow, and counsel answered in the affirmative. The court, how-

ever, excluded the question. The defendant contends the proceeding was one likely to unduly influence the court. We may indulge in no such presumption. *Goldberg* v. *Mertz*, 123 Conn. 308, 310, 194 Atl. 721.

There remains a final assignment of error to consider. The defendant offered a witness who testified that he talked with the driver of the car in which the plaintiff's intestate was riding after the accident and was asked what he said. The question was objected to as hearsay and the objection was sustained. The defendant's counsel stated at the time he asked the question that he thought the answer might be helpful to the court in the absence of the driver as a witness, his deposition not having been asked for. He now contends that, the deposition later having been taken and admitted in evidence, he is aggrieved by the ruling, and further that the evidence was part of the res gestae. No foundation had been laid for the question as part of the res gestae; see *Wade* v. *Yale University*, 129 Conn. 615, 30 Atl. (2d) 545; nor could the court assume that the evidence would be self-contradictory of testimony the witness might later give in a deposition. The ruling was correct.

There is no error.

In this opinion the other judges concurred.