Patricia Shea et al. *v.* Lawrence Slezak

Superior Court          Fairfield County          File No. 91061

Memorandum filed May 31, 1956.

*Edward J. Behuncik* and *Finkelstone, Finkelstone & Levy,* both of Bridgeport, for the plaintiffs.

*McNamara, Kaufman & Jones* and *Coles & O'Connell,* both of Bridgeport, for the defendant.

MURPHY, J. The plaintiffs' decedent was the second victim of a double shooting on October 5, 1952. The shooting was done by one Robert L. Hill, now serving a life sentence after pleading guilty to two counts of murder in the second degree. The other person who was murdered by Hill was his half brother, David McCalla. There had been bad blood between them for many years and on the day of the shootings, Hill set out deliberately to get McCalla, after an earlier altercation. The shooting of McCalla took place in the doorway of a grill operated by the defendant, while Shea was shot on the street when he attempted to subdue or capture Hill. Both Shea and McCalla had been drinking in the grill prior to the shooting.

The plaintiff brought suit to recover for her husband's death under the provisions of General Statutes, § 4307 (as amended, Cum. Sup. 1955, § 2172d), the so-called Dram Shop Act. The substituted complaint alleged the sale of alcoholic liquor to both McCalla and Hill while they were intoxicated and the subsequent shooting of Shea by Hill, in consequence of his intoxication.

Section 4307 is designed to establish a cause of action against the seller of intoxicating liquor upon proof of three essentials: (1) a sale of intoxicating liquor (2) to an intoxicated person (3) who, in con-

sequence of such intoxication, causes injury to the person or property of another. *London & Lancashire Indemnity Co.* v. *Duryea,* 143 Conn. 53, 57.

As the jury in response to an interrogatory found that Slezak had not sold alcoholic liquor to Hill on the day of the affray, that was decisive of the case. Evidence as to whether the percentage of alcohol in McCalla's blood showed him to be intoxicated was immaterial and irrelevant. No claim was made nor was any evidence offered that McCalla in any way caused injury to Shea. The court could not enlarge upon the cause of action created by the legislature. *Walsh* v. *Lebanon,* 114 Conn. 723, 724; *Farmer* v. *Bieber-Goodman Corporation,* 118 Conn. 299, 303.

Upon review and reconsideration, the court's action in dividing the charge into two parts and charging first on the question of liability may have been unusual, but it can hardly be termed an abuse of discretion.

The motion to set the verdict aside is denied.