[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS AND MOTION FOR A TEMPORARY INJUNCTION
On June 30, 1992 Plaintiff Daniel V. Presnick filed this action in the small claims session of the superior court against the defendant Louis Goldberg, Commissioner of Motor Vehicles. On July 21, 1992 the court transferred the case to the regular docket. In his amended three count complaint, plaintiff alleges that on July 25, 1991 the Motor Vehicle Department hereinafter "MVD") in Hamden, Connecticut, acting pursuant to Connecticut Agency Reg.14-33-6, refused to renew the plaintiff's motor vehicle registration on the ground that plaintiff had outstanding parking violations in the City of New Haven.
In count one of his amended complaint, plaintiff claims that Agency Regulations 14-33-1 through 14-33-8[1] violate Article 1,8, 9, 10, 11, and 13 of the Connecticut Constitution and constitute a bill of attainder.[2] In count two plaintiff claims that the Regulations constitute a bill of attainder in violation of Article 1, 10 of the United States Constitution.[3] In count three, plaintiff claims that in promulgating the regulations, defendant deprived plaintiff of his property in violation of 42 U.S.C. § 1983[4]
and 1985(3)[5], of the federal Civil Rights Act. Plaintiff seeks compensatory damages, punitive damages, attorney fees, an injunction preventing enforcement of the regulations, and a determination that the regulations are unconstitutional.
On July 28, 1992 defendant filed a motion to dismiss the complaint and a supporting memorandum of law asserting lack of subject matter jurisdiction on the grounds of sovereign immunity. On August 4, 1992 plaintiff filed a memorandum in opposition to the motion to dismiss and a motion for temporary injunction. On September 18 and 21, 1992, defendant filed objections to the motion for temporary injunction.
I Motion to Dismiss
A motion to dismiss may be used to assert lack of subject matter jurisdiction. Practice Book 143. "[The] motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record." Practice Book 142. "If an adverse party objects to this motion he shall . . . file . . . a memorandum of law and, where appropriate, supporting affidavits as to facts not apparent on the record." Id. When a motion to dismiss does not seek to introduce facts outside the record, it admits all well pleaded facts and the complaint is construed in a light most favorable to the allegations of the complaint. Pellegrino v. O'Neill, 193 Conn. 670, 672 n. 4,480 A.2d 476 (1984).
In support of its motion to dismiss defendant argues that the state is immune from suit in that it did not consent to be sued. In opposition to the motion plaintiff argues that: (1) the defendant may not raise immunity on a motion to dismiss, (2) the amended complaint seeks equitable remedies over which this court has CT Page 4247 jurisdiction, and (3) immunity is not applicable to constitutional claims.
Preliminarily, "[t]he defense of sovereign immunity may be raised in a motion to dismiss an action against the state." Duguay v. Hopkins, 191 Conn. 222, 227, 464 A.2d 45 (1983). Accordingly, the plaintiff's first ground in opposition to the motion must fail.
Sovereign Immunity
 "`We have long recognized the common-law principle that the state cannot be sued without its consent. Horton v. Meskill, 172 Conn. 615, 623, 376 A.2d 359 (1977); Textron, Inc. v. Wood, 167 Conn. 334, 339, 355 A.2d 307
(1974). We have also recognized that because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state. Horton v. Meskill supra; Textron, Inc. v. Wood, supra; Baker v. Ives, 162 Conn. 295, 297, 294 A.2d 290 (1972); Murphy v. Ives, 151 Conn. 259, 262, 196 A.2d 596 (1963); Anderson v. Argraves, 146 Conn. 316, 320, 150 A.2d 295 (1959). Therefore, we have dealt with such suits as if they were solely against the state and have referred to the state as the defendant. Anselmo v. Cox, 135 Conn. 78, 79-80, 60 A.2d 767, cert. denied, 335 U.S. 859, 69 S.Ct. 132, 93 L.Ed. 405 (1948); Rusch v. Cox, 130 Conn. 26, 34, 31 A.2d 457
(1943). (Footnote omitted.) Sentner v. Board of Trustees, [184 Conn. 339, 342-43, 439 A.2d 1033 (1981)]." Fetterman v. University of Connecticut, 192 Conn. 539, 550-51, 473 A.2d 1176
(1984).
 The absolute bar of actions against the state on the ground of sovereign immunity has been modified by statute and CT Page 4248 by judicial decisions. "Sovereign immunity does not bar suits against state officials acting in excess of their statutory authority or pursuant to an unconstitutional statute. Horton v Meskill, [supra, 624]." Doe v. Heintz; 204 Conn. 17, 31, 526 A.2d 1318 (1987).
Krozser v. New Haven, 212 Conn. 415, 420-21, 562 A.2d 1080 (1989). "[A]llegations of [unconstitutional acts] and the factual underpinnings if placed in issue, must clearly demonstrate an incursion upon constitutionally protected interests." Barde v. Board of Trustees, 207 Conn. 59, 64 539 A.2d 1000 (1988).
In count one of his complaint plaintiff alleges that Agency Regulations 14-33-1 through 14-33-8 violate Article 1, 8, 9,10, 11, and 13 of the Connecticut Constitution and constitute a bill of attainder. Specifically, plaintiff asserts that Agency Regulation 14-33-6 is unconstitutional in that it gives the defendant the authority to refuse to renew the motor vehicle registration of an identifiable class of persons without a hearing.
 "The fourteenth amendment to the United States constitution prohibits any state from depriving any person of `life, liberty or property, without due process of law." Article one, section eight of our state constitution contains the same prohibition and is given the same effect as the fourteenth amendment to the federal constitution." Lee v. Board of Education, 181 Conn. 69, 71-72, 434 A.2d 333 (1980).
Barde, supra, 64.
In Perez v. Tynan, 307 F. Sup. 1235 D. Conn. 1969) the court held that in Connecticut, motor vehicle operator licenses and registrations are entitled to 14th Amendment protection. Id, 1238.
 Freedom to make use of one's own property, here a motor vehicle, as a means of getting about from place to place, where in pursuit of business CT Page 4249 or pleasure, is a "liberty" which under the Fourteenth Amendment cannot be denied or curtailed by a state without due process of law.
Id., 1238 quoting Wall v. King, 206 F.2d 878, 882 (1st Cir. 1953).
 In the present case, plaintiff raises the constitutionality of Regulation 14-33-6 which does not expressly provide for a hearing before the defendant Commissioner may suspend or refuse to renew motor vehicle registrations. The plaintiff has sufficiently raised article 1, 8, 9, and 10 claims in count one to defeat the defendant's claim of sovereign immunity.
The state's claim of immunity must fail even though the plaintiff had an opportunity to request a hearing to contest liability for the parking fines pursuant to General Statutes7-152b.[6] "Due process within administrative proceedings requires the opportunity to be heard at a meaningful time and in a meaningful manner." Goldberg v. Kelly, 397 U.S. 254, 267, 90 S.Ct. 1011, 1020,25 L.Ed.2d 287 (1970). The issue of whether General Statutes7-152b provides a meaningful opportunity to be heard in relation to the Commissioner's refusal to issue or renew a motor vehicle registration, pursuant to Regulation 14-33-6, goes to the merits of plaintiff's claim and is not appropriate for resolution on a motion to dismiss.
However, the plaintiff has failed to assert sufficient facts to satisfy Article 1, 11, namely, that the defendant took plaintiff's property for public use without just compensation. Furthermore, plaintiff has failed to allege sufficient facts to satisfy his Article 1, 13 claim, namely, that he was attained of treason or felony. Accordingly, as to count one, the defendant is immune from suit for the alleged violations of Article 1, 11 and 13 but not for the alleged violations of Article 1, 8, 9, and 10.
As an additional ground for relief in count one, plaintiff alleges that the defendant's actions pursuant to Regulation 14-33-6
constituted a bill of attainder. "`A bill of attainder is a legislative act which inflicts punishment without a judicial trial.' Cummings v. Missouri, 71 U.S. (4 Wall.) 277, 323,18 L.Ed. 356 (1866)." Faron v. Tynan, 320 F. Sup. 11 (D. Conn. 1970). In Latham v. Tynan, 435 F.2d 1248 (2d. Cir. 1970) the court held that Connecticut's Motor Vehicle Financial Responsibility Act, General Statutes 14-133, which requires the driver and owner of an auto CT Page 4250 involved in an accident to post security or suffer suspension of license and registration, is not penal within the ambit of a bill of attainder because the state already requires conditions precedent to obtaining registration or using a motor vehicle. Id., 1251-52. The court finds Latham persuasive, and therefore finds that Regulation 14-33-6 is not penal in nature and thus does not amount to a bill of attainder. The court finds the state immune and this claim is dismissed.
In count two of the complaint, plaintiff incorporates the allegations of count one and claims that Regulation 14-33-1
through 14-33-8 constitute a bill of attainder in violation of Article 1, 10 of the United States Constitution. Plaintiff further claims that the Regulations violate plaintiff's due process rights under the 14th Amendment to the United States Constitution referring to the court's discussion of count one, supra, the court finds that the state is not immune from suit on plaintiff's due process claim. However, based on the reasoning of Latham, supra, the court finds there is no Bill of Attainder.
In count three of his complaint, plaintiff alleges that the defendant in promulgating the Regulation 14-33-1 through 14-33-8
"deprived the plaintiff of his property interest in his car and his liberty interest in violation of 42 U.S.C. § 1983 and 1985(3)."
In Will v. Michigan Dept. of State Police, 491 U.S. 58,109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), the court held that "neither a State nor its officials acting in their official capacities are "persons" under 1983." ___ U.S., at ___, 109 S.Ct. at 1212. The court further held that "1983 was [not] intended to disregard the well established immunity of a State from being sued without its consent. ___ U.S., at ___, 109 S.Ct., at 2310. The court did hold, however, that "a State official in his or her official capacity, when sued for injunctive relief, would be a person under 1983 because `official capacity actions for prospective relief are not treated as actions against the State.'" 491 U.S., at ___,109 S.Ct., at 2311 n. 10. (Citations omitted.)
In Hafer v. Melo, ___ U.S. ___, 112 S.Ct. 358, L.Ed.2d (1991) the court was asked to apply the holding of Will, supra, to a state official who was sued in her individual capacity under 1983. The court held that "state officials, sued in their individual capacities, are `persons' within the meaning of 1983." ___ U.S., at ___, 112 S.Ct., at 365. The court held that to determine whether a state official is sued in his official or CT Page 4251 personal capacity reference should be made to the "capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury." ___ U.S., at ___,112 S.Ct., at 362. In the present case, plaintiff alleges in count three of his complaint that the Commissioner of Motor Vehicles acting pursuant to General Statutes 14-33(b) promulgated regulations 14-33-1
through 14-33-8 which provided, in part, that a vehicle may not be registered if it has outstanding parking violations. Plaintiff asserts that the regulations do not provide for a hearing and therefore the Commissioner's actions deprive plaintiff of his property interest in his car and his liberty interest.
The court determines that the defendant is being sued in his official capacity only, therefore the State is immune from suit for damages under 1983 absent consent from the Claims Commissioner.
In count three, plaintiff further asserts that the defendant's actions violated 42 U.S.C. § 1985(3).
The courts have looked for guidance to the Will case, cited supra, in determining whether a plaintiff has met the elements of a 1985(3) claim. In Sharp v. State, 783 P.2d 343 (Kan. 1989) the court, in applying Will, held that the state is not a "person" under 1985(3). Id. 346. Similarly, the court in Santiago v. N.Y.S. Dept. of Correctional Services, 725 F. Sup. 780 (SDNY 1989), citing the Will case, held that a state is not a person under 1985(3). Applying the rationale of the Will case to the present case, the court finds that the plaintiff is suing the defendant in his official capacity. Therefore, the claim for 1985(3) damages is dismissed.
Furthermore, it should be noted that plaintiff has failed to allege an element of 1985(3) action namely a conspiracy. Having failed to allege a conspiracy between the defendant and any other person or entity, he has failed to allege a 1985(3) claim. See Lamont v. Forman Bros., Inc., 410 F. Sup. 912 (D. Colo. 1976). Accordingly, the court finds the state immune on the 1985(3) claim.
II Temporary Injunction
Plaintiff seeks a temporary injunction to prevent the defendant from enforcing Agency Regulation 14-33-6 in that the Regulation is unconstitutional and injurious to the public. CT Page 4252
Defendant opposes the injunction on the ground that plaintiff has failed to represent evidence to the court which would entitled him to issuance of an injunction.
Sovereign immunity is not a defense in an action for injunctive relief. Krozser, supra, 421.
 To obtain temporary injunction relief the plaintiff must establish that protectable interests are at stake, that it will prevail, to a reasonable certainty, subsequent to a final hearing on its application for permanent injunction, and also irreparable injury and lack of an adequate remedy at law. Covenant Radio Corporation v. Ten Eighty Corporation, 35 Conn. Sup. 1, 3, 390 A.2d 949
(1977). "The principal purpose of such an injunction is to preserve the status quo until the rights of the parties can be finally determined after a hearing on the merits. Deming v. Bradstreet, 85 Conn. 650, 659, 84 A. 116 [1912]. In deciding whether it should be granted. . . the court is called upon to balance the results which may be caused to one party or the other, and if it appears that to deny . . . it may result in great harm to the plaintiff and little to the defendant, the court may well exercise its discretion in favor of granting . . . it, unless indeed, it is very clear that the plaintiff is without legal right." Olcott v. Pendelton, supra.
Rhode Island Hospital Trust National Bank v. Trust, 25 Conn. App. 28,39-40, 592 A.2d 417 (1991).
It being within the discretion of the court, the request for a temporary injunction is denied.
By The Court Curran, J.