GENE M. CIESZYNSKI *v*. FRANKLIN CORPORATION ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 135903

Memorandum filed February 20, 1964

*Lexton, Januszewski & McQuillan,* of New Britain, for the plaintiff.

*Regnier, Moller & Taylor,* of Hartford, for all defendants.

HOUSE, J. This complaint is in two counts, the first directed against Smith-Holden, Inc., alleged to be the lessee of the premises at 325 Murphy Road, Hartford, and the second against Franklin Corporation, alleged to be the lessor of the said premises. In brief, it is alleged that the lessee held a reception on

the leased premises which the plaintiff attended as a business guest, and that "while walking from the defendant's business establishment to her parked vehicle," she fell and sustained injuries on a raised asphalt curbing.

The first count, directed against the lessee, makes no allegations whatsoever as to the place where the plaintiff fell except that it was "while walking from the defendant's business establishment to her parked vehicle." There is no allegation that the fall occurred upon the leased premises or on premises in any way whatsoever owned, controlled or leased by the lessee defendant.

The second count, directed against the lessor, does allege that the defendant Franklin Corporation was the owner of the premises known as 325 Murphy Road, which it leased to Smith-Holden, Inc., and that the plaintiff "while on said premises as a business-invitee" was caused to fall. Here there is an allegation that the lessor corporation against whom the second count is directed owned the premises on which the plaintiff fell, although there is no allegation that the defendant lessor retained any control whatsoever over the leased premises.

The defendant lessee corporation has demurred to the first count, which is directed solely against that corporation, in so far as the allegations of negligence in paragraphs 4(b), 4(c) and 4(e) are concerned. Paragraph 4(b) alleges, in substance, that the lessee defendant failed to provide adequate parking facilities for the business-invitees "and/or" an attendant to direct traffic for the party guests. Paragraph 4(c) alleges that although the defendant lessee knew or should have known that the street parking facilities were inadequate for the number of guests it had invited, it failed to provide signs indicating parking facilities in the rear. Paragraph

4(e) alleges that, knowing that the guests would use a parking area adjoining the leased premises, the defendant lessee nevertheless failed to provide any lighting facilities for its own premises or the adjoining premises. To each of these separate paragraphs the defendant lessee has demurred because none of them sets out any duty in law owed by this defendant to the plaintiff.

The defendant lessor corporation also demurs to the second count because there is no allegation of control on the part of the lessor corporation, nor is there "any valid standard of care . . . [by] the owner of totally demised premises" as claimed in paragraph 1 of the first count, nor are there duties "as set forth in paragraph 3 of said count" which are required of an owner in the position of this defendant.

Of course, a demurrer admits the allegations of the complaint for the purpose of testing that pleading as a matter of law, and the allegations must be given the same favorable construction that a trier would give them in admitting evidence. *International Union* v. *General Electric Co.*, 148 Conn. 693, 697; *Arsenault* v. *General Electric Co.*, 147 Conn. 130, 132.

"Negligence occurs where one under a duty to exercise a certain degree of care to avoid injury to others fails to do so." *Dean* v. *Hershowitz*, 119 Conn. 398, 407. The burden is upon the plaintiff to allege and prove a breach of a duty by the defendant in order to establish a basis for recovery. *Attardo* v. *Ambriscoe*, 147 Conn. 708, 711. One of the basic principles inherent in our procedure is that "in any action the complainant is required to set forth facts upon the basis of which, if true, he may be able to establish in law a right to relief, for, unless that is done, the pleading is demurrable; *Waterbury* v.

*Connecticut Ry. & Lighting Co.,* 86 Conn. 180 . . . ."
*Zamatha* v. *Harak,* 134 Conn. 480, 483.

The respective duties of landlords and tenants to third persons who come onto demised premises have been many times defined in recent cases, starting with the decision in *Webel* v. *Yale University,* 125 Conn. 515; see *Torre* v. *DeRenzo,* 143 Conn. 302; *Hahn* v. *Musante, Berman & Steinberg & Co.,* 130 Conn. 441; *Corrigan* v. *Antupit,* 131 Conn. 71; see also Wright, Conn. Law of Torts § 54; 2 Stevenson, Negligence in the Atlantic States § 494. These all clearly demonstrate that a necessary condition precedent to the imposition of liability is control over the portion of the premises upon which lies the alleged defective condition. Therefore an essential averment in a complaint predicated upon an alleged defective condition existing on premises is an allegation that the defendant had some control over the alleged defective condition and hence a right as well as a duty to remedy the condition.

The first count is quite obviously defective because it does not contain any allegation whatsoever that the plaintiff fell on any premises in which the defendant lessee had any interest or over which it had any control nor that it in any way caused the alleged defective condition. There is no allegation which in any way can be construed as claiming that the alleged defective condition was on the demised premises—in fact it is not alleged just where the plaintiff did fall except that it was "while walking from the defendant's business establishment to her parked vehicle." However, the present demurrers to the first count are not based upon this defect but rather upon the specific and limited grounds that three separate paragraphs of the first count are each defective because, in the case of each, it does not set forth a cause of action based on negligence because

there is no recognized duty in law set forth. Such demurrers to separate paragraphs of the complaint are not proper and cannot be sustained. In the first place, each of the separate demurrers to the three separate paragraphs is a general demurrer and not special and therefore is bad. *Cornwall* v. *Hartford,* 107 Conn. 351. In the second place, a demurrer may only be used to test the sufficiency of an entire cause of action or defense and should be overruled when addressed, as in the present case, to separate paragraphs which do not purport to set forth all the essential allegations of the pleading. *Baker & Bennett Co.* v. *Puklin,* 101 Conn. 163; *Donovan* v. *Davis,* 85 Conn. 394; *Hill* v. *Fair Haven & W.R. Co.,* 75 Conn. 177; *Holden* v. *Crown Chemical Corporation,* 19 Conn. Sup. 85, 87.

Accordingly, despite its obvious deficiencies, the first count is not properly attacked by the present demurrers to the three mentioned paragraphs and they are therefore overruled.

The second count contains significant allegations which are not present in the first count. Unlike the first count, the second count does allege where the plaintiff fell—i.e. "while on said premises." It is further alleged that the defendant named in the second count was the owner of the premises and that the plaintiff was on them as a business invitee of the lessee and that the defendant lessor constructed or caused to be constructed the alleged defective condition. Under these allegations, if the requisite additional facts are alleged and proved the plaintiff may be able to establish liability on the part of the defendant lessor under the exceptions stated in *Webel* v. *Yale University,* supra, as summarized in *Torre* v. *DeRenzo,* supra, 308. The defect in the complaint, however, is that there are not alleged facts which do bring the plaintiff within such exceptions.

"Special conditions creating a liability on the part of the landlord, where prima facie that liability does not exist, must be averred. *Shindelbeck* v. *Moon,* 32 Ohio St. 264, 276." *Valin* v. *Jewell,* 88 Conn. 151, 155. In the absence of such averments, the count is defective and the demurrer is well taken.

Accordingly, the demurrer as addressed to the first count is overruled but is sustained as addressed to the second count.