[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant, Automotive Rentals, Inc., ("ARI") has moved for summary judgment on the grounds that it had no duty towards the plaintiffs upon which actionable negligence can be asserted. The complaint alleges that the plaintiff, Ward Kipp, sustained injuries in the course of employment with Cox Cable of Greater Hartford when he stepped out of the bucket of the "cherry-picker" Ford van onto the van's step bumper and the bumper pulled loose from the rest of the vehicle.
Count Three of the complaint alleges that the defendant, ARI, "owned and lease the said vehicle to the Plaintiff's employer Cox Cablevision." It further states that ARI was negligent in the [that] it failed to reasonably inspect the vehicle, failed to warn the plaintiff or Cox Cablevision about the danger of using the step bumper, allowed the van to be used by the plaintiff in an unsafe condition and allowed the plaintiff to use its property when it knew that the bumper was not safe for its intended use.
A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried. Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). A summary judgment may be granted under 384 of the Connecticut Practice Book when all the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority,213 Conn. 354, 364, 567 A.2d 1212 (1989); Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11, 459 A.2d 115 (1983). A material fact has been defined as a fact that will make a difference in the result of the case. Hammer v. Lumberman's Mutual Casualty Corp.,214 Conn. 573, 578, 573 A.2d 699 (1990).
The defendant ARI claims that under the facts of this case it had no duty to the plaintiff, and, therefore, no liability to the CT Page 10213 plaintiff. The Connecticut Supreme Court has defined negligence as the breach of a duty. Collins v. City National Bank and Trust Co.,131 Conn. 167, 170, 38 A.2d 582 (1944). To sustain a cause of action in negligence the plaintiff must show that the defendant has breached some duty owed to the plaintiff. See, Frankovitch v. Burton, 185 Conn. 14, 20, 440 A.2d 254 (1982); Wright, Fitzgerald Ackerman, Connecticut Law of Torts 3d 2 p. 3. The existence of a duty is a question of law. Nolan v. The New York, New Haven 
Hartford Railroad Co., 53 Conn. 461, 471, 4 A. 106 (1885); Sheiman v. Lafayette Bank Trust Co., 4 Conn. App. 39, 45, 492 A.2d 219
(1985). Only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand. Sheiman at 45; Shore v. Stonington,187 Conn. 147, 151-152, 444 A.2d 1379 (1982).
Negligence cannot be based on failure to perform an act which the actor was under no duty or obligation to perform. The mere fact of legal ownership of an injury causing instrumentality does not create legal responsibility by the owner. 57 Am.Jur.2d Negligence 1759 p. 452. Thus, in an action predicated upon a defective condition of premises, control, and not merely ownership, is an essential element of the cause of action. Ciezynski v. Franklin Corp., 25 Conn. Sup. 342, 203 A.2d 676 (1964).
Under the terms of the Motor Vehicle Lease agreement between ARI and Cox Cable of Greater Hartford, which lease was in effect at the time of the plaintiff's accident, all incidents of ownership, possession and control of the van were conveyed to Cox Cable of Greater Hartford. The Lessee was required to repair, service, and keep the van in good repair. Article 15 of the Lease provides:
 ARI shall have no responsibility for the maintenance or upkeep of any vehicle leased hereunder after it is delivered to and accepted by Lessee and until such time as ARI thereafter accepts possession of the vehicle as provided herein; during such time, Lessee shall maintain, service and keep in good repair each vehicle at its own expense.
Article 16a of the Lease provides that in the event a leased vehicle becomes damaged, its repair
 shall be the responsibility and obligation of the Lessee; in every instance, ARI will assign CT Page 10214 to Lessee all rights ARI may have to be reimbursed for such damage pursuant to insurance coverage.
Under the provisions of the lease, all rights to possession and control of the van rested with Cox Cable of Greater Hartford. The evidence presented indicates that Cox Cable had exercised such control over the van since October 31, 1985, when it took delivery of the van. The plaintiff was injured on July 20, 1989.
The plaintiffs do not claim that ARI had possession or control of the van in question. Rather, they claim that ARI is liable under 14-154a of the Connecticut General Statutes, which provides:
 Liability of owner for damage cause by rented or leased car. Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner.
The plaintiffs argue that Cox Cable was the operator of the van within the meaning of 14-154a and, if Cox Cable were the owner of the van, it would be liable to the plaintiffs, the statute makes ARI liable to the same extent as the operator, and, therefore, ARI is liable under the statute. This argument fails because 14-154a
does not make the lessor of a motor vehicle liable for all injuries caused by the vehicle, but only for those injuries caused by the operation of the motor vehicle. Hughes v. National Rental Car System, Inc., 22 Conn. App. 586 (1990). In Hughes the Appellate Court stated:
 Section 14-154a imposes a vicarious liability unknown at commonlaw. The statute creates what has been termed a "statutory suretyship," and holds the owner of the rented vehicle liable for injuries caused by the operation of the vehicle as if he were the operator. Gionfriddo v. Avis Rent A Car System, Inc., 192 Conn. 280, 287, 472 A.2d 306 (1984); Levick v. Norton, 51 Conn. 461, 469 (1884).
 Section 14-154a has been liberally construed. A lessor of a motor vehicle has been held liable for CT Page 10215 injuries caused by the operation of the vehicle by the brother of the lessee, even if the lease agreement expressly excluded such liability. Fisher v. Hodge, 162 Conn. 363, 371, 294 A.2d 577 (1972). It has also been construed as permitting an award of treble damages. Gionfriddo v. Avis Rent A Car System, Inc., supra, 290. To date, however, no case has addressed the scope of the language "caused by the operation of such motor vehicle."
Hughes involved the question of whether the lessor of a motor vehicle would be liable to a plaintiff who was shot by the operator of the lessee's vehicle. The Court further stated:
 Although there is no question that the vehicle was in operation within the meaning of 14-154a at the time of the shooting, the allegations do not support the conclusion that the operation of the motor vehicle was the proximate cause of the plaintiffs injuries.
 "A cause of action that is solely statutory in its derivation cannot be judicially expanded to encompass grievances for which the legislature has not seen fit to provide a remedy." Cook v. Collins Chevrolet, Inc., 199 Conn. 245, 251-52, 506 A.2d 1035 (1986). The legislature may, if it chooses, amend the statute to impose liability for any damage caused by the operator while operating the rented vehicle. Thus far, however, it has chosen to require the operation itself to be the proximate cause of the injury."
The plaintiffs do not allege that the injury arose from the operation of the van, but rather from the maintenance of the van. Section 14-154a does not impose liability on ARI in this situation. Since there has been no other evidence submitted which indicates any negligence on the part of ARI, the Motion for Summary Judgment is granted.
By the Court
Aurigemma, J.