[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Florence Miller, filed a nine count amended complaint, alleging that she was caused to slip and fall as the result of a dangerous and defective condition that was permitted to exist on the subject premises. The defendant, Stanley R. Becker ("Becker"), was the lessee of the defendant, Marriott Family Restaurants, Inc. ("Marriott") and was lessor to the defendant, Connecticut Foods, Inc.
The eighth count of the complaint is directed to Becker who moved to strike that count on the ground that it failed to state a claim upon which relief may be granted. There is no allegation that, at the time of the accident, Becker was in possession and/or control of the premises where the plaintiff claims to have CT Page 1297 fallen.
In Webel v. Yale University, 125 Conn. 515 (1939), the Supreme Court set forth the respective duties of landlords and tenants to third parties who come upon leased premises as a business patron of the lessee. It was held that a condition precedent to imposition of liability is control over that part of the premises on which the alleged defective condition exists. The court stated that:
 "If the liability of a landlord for defects existing when the lease was made to those who enter upon leased premises as patrons of the lessee is to be sanctioned, as we think it should . . . [t]he basis of liability in such a case, as is repeatedly stated in the decisions we have cited, is that the landowner leases premises on which he knows or should know that there are conditions likely to cause injury to persons entering on them, that the purpose for which the premises are leased involves the fact that people will be invited upon the premises as patrons of the tenant, and that the landowner knows or should know that the tenant cannot reasonably be expected to remedy or guard against injury from the defect. Under such circumstances the landowner should under proper circumstances be held responsible for the injury which occurs."
Webel, supra, at 523.
Where fact pleading is the rule, "an essential averment in a complaint predicated upon an alleged defective condition existing on the premises is an allegation that the defendant had some control over the alleged defective condition and hence a right as well as a duty to remedy the condition." Cieszynski v. Franklin Corporation, 25 Conn. Sup. 342, 345 (1964).
A motion to strike tests the legal sufficiency of the pleading. Practice Book 152. Ferryman v. Groton, 212 Conn. 138,142 (1989). In deciding the motion, the court must take the facts to be those alleged in the complaint. Liljedahl Brothers v. Grigsby, 215 Conn. 345, 348-349 (1991). The motion admits facts well pleaded but does not admit legal conclusions or the truth or accuracy of any opinions stated in the pleadings. Mingachos v. CT Page 1298 CBS, Inc., 196 Conn. 91, 108 (1985).
The omission of the proper predicate in the eighth count leaves the allegations short of stating a claim upon which relief may be granted. Accordingly, the motion to strike is granted.
BY THE COURT
LEANDER C. GRAY, JUDGE