[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
On March 17, 1993, the plaintiff, Florence Lazarin, filed a two count complaint sounding in negligence against the defendants, Shawmut Bank of Connecticut, National Association f/k/a Connecticut National Bank [defendant tenant], and East Haddam Development Corporation [defendant landlord]. CT Page 7407
In count one of her complaint, the plaintiff alleges that the defendant tenant is liable for the injuries the plaintiff sustained on or about February 23, 1991, because the defendant tenant was "in possession or control of the premises where the plaintiff slipped and fell. In count two of her complaint, the plaintiff alleges that the defendant landlord is liable for the injuries the plaintiff sustained on or about February 23, 1991, because the defendant landlord "was the record owner and in possession or control" of the premises where the plaintiff slipped and fell.
On November 10, 1993, the defendant tenant filed a motion for summary judgment on the ground that it was not in possession or control of the area where the plaintiff alleges she slipped and fell. In support thereof, the defendant tenant filed a memorandum of law, a copy of the lease entered into by the defendant tenant and the defendant landlord, and portions of the plaintiff's deposition[1] which was taken on October 13, 1993. The plaintiff, in opposition, filed a memorandum of law and a copy of the portions of the lease submitted by the defendant tenant. The plaintiff did not submit affidavits or any other documentary evidence.
"Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Scinto v. Stamm, 224 Conn. 524,530, 620 A.2d 99, cert. denied, 62 U.S.L.W. 3248,114 S.Ct. 176, 126 L.Ed.2d 136 (1993). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500,538 A.2d 1031 (1988). In making this determination, the evidence is viewed in the light most favorable to the nonmoving party.Connell v. Colwell, 214 Conn. 242, 246-47, 571 A.2d 116
(1990).
"To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citations omitted.) Esposito v. Wethered, supra, 4 Conn. App. 644. "[T]he evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement CT Page 7408 that an issue of fact does exist." (Citations omitted; internal quotation marks omitted.) Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 579, 573 A.2d 699 (1990). Rather, the opposing party "must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citations omitted.) Strada v. ConnecticutNewspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984). "Mere assertions of fact, whether contained in a complaint or in a brief are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § 380." (Citations omitted.) Bartha v. Waterbury House Wrecking Co., 190 Conn. 8,12, 459 A.2d 115 (1983). In reaching a decision on a summary judgment motion, the test is whether the moving party would be entitled to a directed verdict on the same facts.Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982).
The defendant tenant argues that it is entitled to summary judgment because the plaintiff is unable to show that the defendant tenant was in control of the allegedly defective premises at the time of the incident. In response, the plaintiff contends that whether the defendant tenant or the defendant landlord exercised "control" over the subject premises at the time of the alleged incident is a question of fact not made clear by the lease. The plaintiff, however, offers no affidavits or documentary proof, other than the lease itself, in support of this contention.
Additionally, the plaintiff argues that the allegations set forth in count one of her complaint — that the defendant tenant was negligent in failing to inspect the premises for defective conditions, and was negligent in failing to warn patrons of any defective conditions thereon — are duties that the lease fails to address.
"`The common law of the State of Connecticut has generally upheld the proposition that the possession and control of the land, not its ownership, determine liability for any injuries incurred because of defects on the land.'"Plourde v. King, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 354282 (December 6, 1993, Hennessey, J.), quoting Fountain v. D'AddarioIndustries, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 261424 (December 19, 1991, Spear, J.); CT Page 7409 see also Mack v. Clinch, 166 Conn. 295, 296, 348 A.2d 669
(1974) ("liability can be predicated upon negligence in the control and possession of premises, as opposed to mere ownership thereof").
"In the absence of a statute or covenant to the contrary, the lessor does not have a duty to keep in repair any portion of the premises leased to and in the exclusive possession and control of the lessee." Thomas v. Roper, 162 Conn. 343, 348,294 A.2d 321 (1972). Where such a statute or covenant does exist, however, the landlord may retain control over and/or the duty to repair or maintain certain parts of the leased premises. See, e.g., Pollack v. Gampel, 163 Conn. 462, 468,313 A.2d 73 (1972) (where landlord retains control of portion of leased premises, landlord must use reasonable care to keep that portion of the premises in a reasonably safe condition);Noebel v. Housing Authority, 146 Conn. 197, 200, 148 A.2d 766
(1959) ("[i]t is . . . the duty of a landlord to use reasonable care to keep in a reasonably safe condition the parts of the premises over which he reserves control").
"The word `control' has no legal or technical meaning distinct from that given in its popular acceptation . . . and refers to the power or authority to manage, superintend, direct or oversee and maintain." Panaroni v. Johnson,158 Conn. 92, 98, 256 A.2d 246 (1969).
 Unless it is definitely expressed in the lease, the circumstances of the particular case determine whether the lessor has reserved control of the premises or whether they were under the exclusive dominion of the tenant, and it becomes a question of fact and is a matter of intention in the light of all the significant and attendant facts which bear on the issue.
Id.
"A lease is a contract . . . and its construction presents a question of law for the court." (Citations omitted.) Robinson v. Weitz, 171 Conn. 545, 551,370 A.2d 1066 (1976); Sacharko v. Center Equities Ltd. Partnership,2 Conn. App. 439, 445, 479 A.2d 1219 (1984). The relevant portions of the subject lease provide as follows: CT Page 7410
8(a) Common Areas — Use and Maintenance
 Landlord represents to Tenant that Landlord owns or controls the common areas of which the parking area
forms a part.
12 Maintenance
 Tenant shall, at all times during the term of this Lease and at its own cost and expense, put, keep, replace and maintain in good repair and good and substantial order and condition, reasonable wear and tear excepted, all buildings and improvements on the Leased Premises or forming part thereof, and their full equipment and appurtenances, both inside and outside, extraordinary and ordinary, and shall repair the same and at all times keep the same in good repair and substantial order and condition howsoever the necessity therefor may occur, and whether or not necessitated by wear, tear or defects latent or otherwise, and shall use all reasonable precaution to prevent waste, damage or injury. Tenant shall also, at its own cost and expense, put, keep and maintain in good repair and good order and safe condition, and free from dirt, snow, ice, rubbish and other obstructions or encumbrances, the sidewalks and curbs on and in front of the Leased Premises.
 Landlord shall, at its cost and expense, put, keep and maintain in good repair and good order and safe condition, and free from dirt, snow, ice, rubbish and other obstructions and encumbrances, the parking areas and drive lanes on and/or adjacent to the Leased Premises.
(Emphasis added.)
No genuine issue of material fact exists regarding who had a duty to maintain the parking area of the subject premises. The terms of the lease state that the duty to maintain certain areas on the property is divided between the defendant tenant and the defendant landlord: the defendant tenant is to maintain the sidewalks and curbs on and in front of the leased premises, while the defendant landlord is to CT Page 7411 maintain the parking areas and drive lanes on and/or adjacent to the leased premises.
Additionally, no genuine issue of material fact exists regarding where the plaintiff slipped, fell and sustained injuries. In paragraph 2 of count one of her complaint, the plaintiff alleges that she slipped and fell
 in or on the parking lot just off the sidewalk by the entrance to the bank by a dangerous and defective condition(s) then and there existing, to wit, sand and slippery surfaces in the parking area
and concrete back stops which were dangerously positioned and not clearly distinguishable from the remainder of the parking lot.
(Emphasis added.)
The plaintiff leaves no doubt as to where her slip and fall occurred; namely, in the parking area of the shopping center over which the defendant landlord, through its written lease with the defendant tenant, explicitly maintained control.
Finally, the plaintiff fails to persuasively show how the defendant tenant could have a duty to inspect certain premises and warn patrons of defective conditions thereon, where the defendant tenant has no control over the premises. See, e.g.,Lombardi v. J.A. Bergren Dairy Farms, Inc., 153 Conn. 13, 19,211 A.2d 837 (1965) (duty to exercise reasonable care through inspection arises where one retains control).
In the present case, the plaintiff has failed to offer documentary proof, other than the lease between the defendant tenant and the defendant landlord, in opposition to the defendant tenant's claim that the defendant landlord maintained control over the premises where the plaintiff slipped and fell. Although the failure of a non-moving party to file documentary evidence in opposition to a motion for summary judgment is not deemed consent to the motion; Gagnonv. Siemiatkoski, 6 CSCR 1010, 1010 (October 22, 1991, Koletsky, J.); the non-moving party must establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists. Connell v.Colwell, supra, 214 Conn. 251. The lease entered into by the defendant tenant and the defendant landlord CT Page 7412 expressly resolves the issue of who had a duty to maintain control over the parking area upon which the plaintiff alleges, in her complaint, that she slipped and fell. Accordingly, the defendant tenant's motion for summary judgment is granted.