[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
This case is an action for personal injuries sustained by the plaintiff, Kimberly Desy, as she exited the defendant Cumberland Farm Store. She alleges she fell because of a defect in the sidewalk. This occurred when she just exited the store. In an affidavit filed in opposition to the motion for summary judgment, the plaintiff claims she fell when her "shoe got caught in a crack in the concrete sidewalk immediately in front of the front door of the store." The action is brought in negligence. CT Page 1399
The defendant store has filed a motion for summary judgment claiming under the terms of the lease it had with the owners of the property, the lessors retained control over the sidewalk.
The standards to be applied in summary judgment cases are well known. The test is whether the moving party would be entitled to a directed verdict. Batick v. Seymour, 180 Conn. 632
(1982). The evidence is to be viewed in the light most favorable to the non-moving party, Connell v. Connell,214 Conn. 242 (1990). However, if there is any issue of material fact, the motion should not be granted since parties have a right to jury trial. It has also been said that negligence actions are not often appropriate for resolution by way of summary judgment, Amendolci v. Geremia, 21 Conn. App. 35
(1990).
In this case the defendant entered into a written lease. The lease rented the building which the store occupied which it defines by the length and breath of the various walls. Paragraph 3 of the lease says that the lessor landowner:
 ". . agrees to make and assume responsibility for any major structural repairs to the premises that become necessary during the term or extension of this lease and to keep the exterior of the premises in good order and repair."
As the defendant notes, the fall is not alleged to have occurred inside the store, it happened outside the store. Interpretation of the lease is a question of law. The word "premises" in paragraph 3 of the lease could only refer to the leased property which was the actual building and that only. Therefore, it would seem that the defendant was not in possession or control of the sidewalk. The plaintiff has not alleged or shown by affidavit or otherwise that the defendant maintained the sidewalk or operated its business on the sidewalk.
The language of paragraph 3 of the lease seems to say that the lessors are responsible for major structural repairs to the leased premises — i.e. the building actually rented. They are also responsible for keeping the exterior of the premises "in good order and repair." If the premises are the CT Page 1400 actual building rented to the defendant lessee this would mean the lessors had an obligation to keep the exterior of the building qua building in good repair. The lease can be said to be silent as to explicit allocation of responsibility as to maintenance and care of the sidewalk. In fact, there has been nothing submitted to the court by way of affidavit who exactly owns the sidewalk area or maintains and controls it. It is true, however, that the defendant has established by the affidavit of an official of the defendant and the lease that the defendant had no ownership interest in the sidewalk and did not lease it. There is nothing to indicate that the defendant exercised any control over it. The burden of showing control of the defective sidewalk is upon the plaintiff and she has submitted nothing to meet this burden.
There is much authority to the effect under our common law possession and control of the land determine liability for injuries incurred because of defects in the land, Mack v.Church, 166 Conn. 295, 296 (1974), Rogers v. Great Atlantic Pacific Tea Co., 148 Conn. 104, 108 (1961), cf. Cieszynski v.Franklin Corporation, 25 Conn. Sup. 342, 345 (1964). InLazarin v. Shawmut, 9 CSCR 805 (1994) a plaintiff alleged she fell in a parking lot that had a defect. She sued the bank and the defendant bank prevailed. The court cited the above proposition, examined the lease and determined that control of the parking lot remained with the defendant landlord. The plaintiff bank patron failed to establish a duty running from the bank since the bank had no control over the parking lot. Also, the court held the defendant bank had no duty to inspect the parking lot or warn its patrons of defective conditions in the lot because as tenant it had no control over those premises.
I don't entirely agree with Lazarin. Many of the cases in this area deal with attempts to bring in the landlord for liability purposes and talk about the control issue from the perspective of seeing whether the landlord could be held liable because of control exercised by the landlord over the property. The issue of the circumstances under which the tenant might have liability also are not directly addressed. Other cases are aimed directly at parties occupying premises as owners or lessees abutting a sidewalk that is defective where the defect caused injury to a traveller. Control has to be the determinant factor in deciding whether the abutting occupier of land is liable for injuries caused by a defective CT Page 1401 sidewalk he or she does not own. Just because one's premises abut a roadway one should not be held liable to the travelling public at large for injuries on sidewalks not owned or controlled by the occupier of the premises.
Here we have a case where the plaintiff alleges she was a patron of the defendant, a business invitee. She enters the store and immediately outside the door through which one exits from the store she is caused to fall by a defective condition in the sidewalk. It seems to me that a tenant running a business who knows customers enter and exit through a particular door should be held liable for injuries incurred by those customers immediately outside that door by a defect in the sidewalk at that location. The fact that the tenant has a lease wherein the landlord assumed repair responsibilities only for the rented premises and the tenant does not assume any obligations vis a vis the landlord for maintenance of property beyond the actual building rented does not answer the question as to whether the tenant has any duties to third party business invitees injured after stepping out the very door it provides for people to have access to its business. This case is more like Ford v. Restaurant Employee Bartenders Union, 155 Conn. 24, 35 (1967). There patrons at a dance were injured when they exited a door and fell down a stairwell exterior of the building. The defendant lessee argued it was not in control of the stairwell and parking lot exterior to the building. The court said that was irrelevant since the defendant was in control of the door "and in the exercise of reasonable care, it should have known of the existence of the dangerous condition and should have taken appropriate steps to prevent its invitees from using the door." id. page 35. If the defendant says if that particular door could not be used we could not operate our business that would be unfortunate but cannot be used as a device to deny liability to people who it puts at risk by inviting them into its store to do business through an entrance and exit leading directly to a defective condition. The defendant could have put up a warning or it could have requested that the landlord repair any defect.
It should not be allowed in the state of the evidence before the court to escape a determination on whether it is liable in common law negligence.
The motion for summary judgment is denied.
Corradino, J. CT Page 1402