[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (NO. 138)
This matter is before the court on the plaintiff's, Caroline George, motion for summary judgment on the ground that she is not a proper party to this action.
On June 23, 1994, the plaintiff, Deborah Boyd, filed a complaint seeking damages arising out of an alleged slip and fall accident occurring on premises known as Gromart's Market, located in Milford, Connecticut.
The plaintiff alleges that while leaving Gromart's Market (Gromart's) on December 5, 1992, she slipped and subsequently fell on ice "located where the downspout emptied on the walk at the north end of the building," causing the injuries and damages of which she complains. The plaintiff alleges negligence not only against defendants G. S. George and Caroline George, who the plaintiff alleges "conducted" the "retail food business known as Gromart's," but also against defendant George Corso, who the plaintiff alleges was owner of the premises. The plaintiff alleges that the subject premises were owned, controlled, and maintained by the defendants. CT Page 6874
On October 6, 1994, Caroline George (George) filed an answer, and on April 3, 1995 she filed a motion for summary judgment against the plaintiff on the ground that the plaintiff has incorrectly alleged that George was doing business as Gromart's on the date the accident allegedly occurred. Therefore George maintains that she is not a proper party to this action. George has filed a memorandum of law, along with her own affidavit and the affidavit of G. S George, in support of her motion. In further support of her motion, George has filed copies of what purports to be a bill of sale for the trade name and customer's list of Gromart's, a covenant not to compete, an indemnity agreement and a lease agreement. The plaintiff has filed a memorandum of law, along with a copy of what purports to be a list of taxable personal property, in opposition to George's motion.
A motion for summary judgment shall be granted "`if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Barrett v. Danbury Hospital, 232 Conn. 242,250, ___ A.2d ___ (1995). A material fact is simply a fact which will make a difference in the result of the case. Genco v. ConnecticutLight and Power Co., 7 Conn. App. 164, 167, 508 A.2d 58 (1986). The burden of proof is on the moving party. State v. Goggin, 208 Conn. 606,616, 546 A.2d 250 (1988). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Barrett v. Danbury Hospital, supra.
In her supporting memorandum, George argues that she was not part of the sole proprietorship known as Gromart's, nor did she own the property that the subject premises is situated on. Therefore, George postulates that since she "owns no interest in the business or property known as Gromart's", she can owe no duty to the plaintiff in this negligence action.
The plaintiff counters in her opposition memorandum that whether George possessed an interest in the premises or business known as Gromart's presents a genuine issue of material fact. Additionally, the plaintiff opines that the supporting documentation proffered by George fails to resolve the question of whether George was a tenant or co-owner of the business on December 5, 1992, the date of the alleged accident. The plaintiff recites that the George's supporting documentation only shows that George "was not on the lease or involved in the original purchase of the business and personal property in December, 1982."
At the outset, it should be noted that the documentation filed by CT Page 6875 both parties in support of their respective positions were neither sworn to nor certified as required by Practice Book § 380. Therefore, the copies of the bill of sale, the covenant not to compete, the indemnity agreement and the lease agreement submitted by George, and the copy of the tax list submitted by the plaintiff, need not be considered by the court for purposes of this motion.[1]
In her supporting affidavit, George states, inter alia, that "I have never owned any interest in the business known as Gromart's Market located at 561 New Haven Avenue, Milford, Connecticut; and I do not own any land located at 561 New Haven Avenue, Milford, Connecticut." (Affidavit of Caroline George dated August 30, 1994, paras. 4, 5.). George's foregoing averments are corroborated by the affidavit of G.S. George.
"The common law of the State of Connecticut has generally upheld the proposition that the possession and control of the land, not its ownership, determine liability for any injuries incurred because of defects on the land." (Citations omitted.) (Internal quotations marks omitted.) Lazarin v. Shawmut Bank of Connecticut, 9 CSCR 805 (July 12, 1994, Hennessey, J.). The issue of whether a particular appurtenance is under the control of an owner or occupant is a factual determination that should be decided by the trier of fact. See Overton v. FennerAmerica, Inc., superior court, judicial district of Middlesex at Middletown, No. 67054 (May 5, 1994, Gaffney, J.).
Standing alone, the affidavits submitted by George provide an insufficient basis for a summary judgment because they fail to resolve the question of who had possession or control of the subject premises or property. Since "`[i]ssues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner;'" Fogarty v. Rashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984), quoting Spencer v. Good Earth Restaurant Corporation, 164 Conn. 194,199, 319 A.2d 403 (1972); and since George has not sustained her burden of demonstrating the nonexistence of any material fact; State v. Goggin,
supra, 208 Conn. 616; George's motion for summary judgment is denied.
MAIOCCO, J.