[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE (#106)
The defendant, H. Pearce Real Estate Company, Inc., seeks to strike the second count of the plaintiff's complaint "because there is no allegation of a duty owed to the plaintiff, Michael Williams, by [this] defendant. . . ." The plaintiff alleges that, as a result of a dangerous condition, he fell and sustained injury in the parking area serving premises at No. 586-588 Boston Post Road, Madison. The co-defendant Barbara Beecher is the owner of the premises, including the parking lot, while the defendant-Pearce CT Page 7813 is identified as a tenant.
The plaintiff charges both defendants with negligence as the cause of his fail. As to Pearce, it is the plaintiff's contention that it knew, either actually or constructively, of the dangerous condition yet failed to warn the plaintiff.
Liability for an injury due to defective premises is dependent on what party is in possession and control, and not necessarily the matter of title. Farlow v. Andrews Corporation,154 Conn. 220, 225 (1966). In the case of the property owner, while in most instances he does not have a duty to keep in repair any portion of the premises leased to and in the exclusive possession of the tenant; Thomas v. Roper, 162 Conn. 343, 348
(1972); he does have a duty to keep reasonably safe those parts of the premises over which he reserves control. Torre v. DeRenzo,143 Conn. 302, 305 (1956). "In general, to have control of the place is to have the authority to manage, direct, superintend, restrict or regulate." Kirby v. Zlotnick, 160 Conn. 341, 344
(1971).
The complaint is strangely silent as to the critical issue of control, neither defendant being charged therewith. Likewise, there is no reference to a leasehold agreement between the defendants, and, if there is an agreement, whether the plaintiff relies on breach of a duty created thereby.
In order to prevail against the defendant-Pearce it is necessary that the plaintiff prove what is considered to be an essential allegation; viz., that the locus of the defective condition was retained in the control of Pearce, thereby giving rise to a duty to inspect and, if need be, to warn of any dangerous condition present. See Lewis v. Kasimer, 153 Conn. 13,19 (1965); also Lazarin v. Shawmut Bank of Connecticut,9 CSCR 805, 806 (1994). For whatever reason, the defendant does not complain in its motion that such allegation is absent from the complaint, only that there is no allegation of a duty owed to the plaintiff.
In ruling on a motion to strike, the court is permitted to consider only such ground as is rinsed therein; Morris v.Hartford Courant Co., 200 Conn. 676, 682 (1982); and in making its ruling the court must construe the facts alleged in the pleading under attack in a manner most favorable to sustaining its sufficiency. Kelly v. Figueiredo, 223 Conn. 31, 32 (1992). CT Page 7814
Evidence obtained through discovery may well shed light on the issue of control and render the plaintiff's action against Pearce vulnerable to summary disposition. At this juncture, however, the court is constrained to follow the modern trend which is to construe pleadings broadly. If the allegations provide sufficient notice of the facts claimed and issues to be tried, such that no prejudice or surprise to the opposing party results, as here, the complaint will withstand a claim of legal insufficiency. Fuller v. First National Supermarkets, Inc.,38 Conn. App. 299, 302 (1995).
Accordingly, the motion to strike is denied.
Gaffney, J.