[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff has brought this negligence action against the defendant, Lex Associates Inc., the present owner of the Tolland Judicial District courthouse at 69 Brooklyn Street in Rockville, which it leases to the state of Connecticut, in which she seeks damages for injuries she claims to have sustained on September 19, 1994, after the bench on which she was seated in one of the courtrooms collapsed and caused her to fall to the floor. She alleges that the defendant was negligent "in failing to keep and maintain said building in a reasonably safe condition" because the benches were unsafe, they were not inspected in a timely fashion for defects, they CT Page 685 were not repaired or replaced, and the defendant failed to warn persons in the building on court business, such as the plaintiff, of the unsafe conditions of the benches in the courtrooms.
The defendant has moved for summary judgment on the ground that it did not maintain or control the premises where the plaintiff fell and sustained her injuries and that, therefore, it owed no legal duty of care to the plaintiff and is entitled to judgment as a matter of law. An affidavit by the owner in support of the motion has been submitted to that effect, as well as a copy of the 1969 lease agreement and a subsequent amendment thereto, that was in effect at the time of the plaintiff's fall and which reads in pertinent part as follows:
 Paragraph 7(a) is hereby deleted and in its place shall be the following: 7(a). On and after December 5, 1980, the Lessor shall not be required to provide any maintenance or repairs to the premises, any equipment or fixtures on or at the premises, the building or any of its appurtenances. The Lessee shall provide all maintenance and make all repairs, including structural repairs, as are necessary to maintain said premises, equipment, fixtures, building and appurtenances in good repair and tenantable condition for use and for the purposes leased.
The plaintiff has filed an objection to the defendant's motion on the ground that "there remains a question of material fact as to whether or not the Defendant can be held liable for injuries on property leased for use by the public." She relies on the "public use" exception to the general rule of non-liability of a landlord for dangerous conditions existing at the time of the lease, which was first articulated in Webel v. Yale University, 125 Conn. 515 (1939) and, more particularly, on the statement made therein that "[t]he question whether the landlord had reason to expect the tenant would not remedy the defect or otherwise safeguard patrons entering the premises would ordinarily present a question of fact." Id. at 524.
The original complaint, which was never subsequently amended by the plaintiff, alleged only that the lessor corporation owned the courthouse in which the plaintiff fell, but "there is no allegation that the defendant lessor retained any control whatsoever over the leased premises." See Cieszynski v. Franklin Corp., 25 Conn. Sup. 342 at 343 (1964). Our case law clearly establishes that an essential allegation in a case of this kind is "that the defendant had some control over the alleged defective condition and hence a right as well as a CT Page 686 duty to remedy the condition." Id. 345.
Special conditions that give rise to liability on the part of the landlord, where, under ordinary circumstances such liability would not exist, must be alleged in the complaint; Malin v. Jewell,88 Conn. 151, 155 (1914); and where the plaintiff has not alleged facts which bring the plaintiff within those exceptions, the pleading is legally insufficient and must be stricken. Cieszynski v. Franklin Corp.,
supra, 346-47. However, where the complaint clearly indicates that the plaintiff relies upon and has properly alleged the exceptions set forth in Webel v. Yale University, supra, 523, they will be deemed to be sufficient. See Torre v. DeRenzo, 143 Conn. 302, 308 (1956); see also Pritchett v. Rosoff, 546 F.2d 463, 466-67 (2d Cir. 1976).
The defendant's admission in its answer that the courthouse "was open to the public" and to those having court business does not in itself invoke the public use exception in the absence of a proper pleading of the facts and special circumstances that may serve to impose liability on the lessor under Webel v. Yale University, supra, in accordance with the above-cited cases. Moreover, "[t]he mere citation of the law set forth in the Webel case is insufficient to create a genuine issue of material fact [on a motion for summary judgment where she] has failed to present any evidence that the defects in question existed at the commencement of the lease, that the defendant knew or should have known of [them] or that the lessees . . . could not reasonably be expected to remedy the defects."Charest v. Burger King Corp., 8 Conn. L. Rptr. 756, 758 (March 16, 1993).
It should be noted that the obvious deficiencies in the complaint based on the foregoing cases, namely, the plaintiff's failure to allege the defendant's control of the premises, or in the alternative, the necessary elements of the public use exception, could have been challenged by the defendant by means of a motion to strike filed prior to the closing of the pleadings, or by moving for summary judgment at any time after the complaint was filed based on the unambiguous provision of the lease imposing the duty of repair and maintenance of the premises upon the tenant. Although the early filing of either of those motions would have resulted in a prompt resolution of the issues that are now being presented to the court for the first time, the defendant chose instead to close the pleadings by filing its answer by way of a general denial and a claim for the jury list thereby depriving the plaintiff of the right she would otherwise have had to amend the complaint pursuant to § 157 of the Practice Book. CT Page 687
Section 6 of the Practice Book provides that because our rules of procedure are designed "to facilitate business and advance justice" they should be interpreted liberally "in any case where it shall be manifest that a strict adherence to them will work surprise or injustice." The rules are also designed to encourage opposing counsel to raise objections at an early stage of the proceeding so that the pleader, if necessary, has an opportunity to ". . . make a reasoned choice as to whether she should replead and cure her defective pleading" pursuant to Practice Book § 157 in order to plead a viable cause of action if she is able to do so. See County Federal Savings LoanAssn. v. Eastern Associates, 3 Conn. App. 582, 586 (1985).
This court has recognized in other cases under similar circumstances that the entry of judgment against the pleader will preclude her from filing a substitute pleading which she would otherwise have been permitted to do under § 157 of the Practice Book and has treated the motion for summary judgment as the "functional equivalent of a motion to strike." GE Capital Mortgage Services Inc. v.Miller, 15 Conn. L. Rptr. No. 7, 213, 214 (August 23, 1995). Accordingly, in order to give the plaintiff the benefit of the right to amend if she chooses to exercise it and thereby eliminate the procedural disadvantage she would otherwise suffer because of the failure of the defendant to take the procedural steps available to it to bring this matter to an earlier resolution, the plaintiff will be permitted to file a substitute pleading as provided in § 157 of the Practice Book within fifteen days after the filing of this decision and if she is unable to do so or fails to plead within that time, summary judgment will enter in favor of the defendant.
Hammer, J.