[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Rose Ortiz, commenced this action against the defendants, the Aries Group, Inc. (Aries) and John Lium, to recover CT Page 6480 damages for personal injuries allegedly sustained on September 8, 1993, when she was struck by an automobile in the parking lot located at 581 West Putnam Avenue in Greenwich, Connecticut. The plaintiff alleges that Aries is the owner of the property located at 581 West Putnam Avenue. The plaintiff also alleges that Garbo's Restaurant, Inc. (Garbo's) is the owner of Marlo's Cafe, a restaurant located at 581 West Putnam Avenue, and that John Lium is the president of Garbo's. According to the plaintiff's complaint, Garbo's and Lium were in control of and responsible for the maintenance of the parking lot and parking lot lights located on the private drive at 581 West Putnam Avenue. Complaint, Count Two, ¶ 2. The plaintiff claims that her injuries were proximately caused by the negligence of the defendants in that they failed to provided adequate lighting in and around the parking lot and private drive at 581 West Putnam Avenue.
The defendant, John Lium, has filed a motion for summary judgment as to the plaintiff's amended complaint on the ground that the plaintiff has failed to state a claim against Lium for which relief can be granted. In support of this motion, the defendant submitted a memorandum of law, along with the affidavit of John Lium and excerpts from the deposition transcript of Rose Ortiz. The plaintiff filed an opposing memorandum of law, along with excerpts from the deposition transcripts of Michael Propersi and Rose Ortiz.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted; internal quotation marks omitted.) Home Ins. Co.v. Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001
(1995).
The defendant, John Lium, first argues that because he was not in possession or control of the parking lot where the plaintiff was allegedly injured, he did not owe a duty to the plaintiff. The defendant relies in part on Lazarin v. Shawmut Bank of Connecticut,
CT Page 6481 Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 522875 (July 12, 1994, Hennessey, J.) (9 CSCR 805), in which the court granted summary judgment where the lease definitively established that the defendant tenant did not have control over the parking lot. In support of this argument the defendant submitted an affidavit in which he attests that neither he nor Garbo's possessed, maintained or controlled the parking lot or the lighting fixtures in the parking lot at the time of the accident. Affidavit of John Lium, ¶¶ 5 and 6. In addition, the defendant submitted an excerpt from the plaintiff's deposition in which she testified that whenever there was a problem with the lighting in the parking lot, she would notify Michael Propersi. June 28, 1996 Deposition Transcript of Rose Ortiz, pp. 61-62; August 7, 1996 Deposition Transcript of Rose Ortiz, pp. 43-44. Therefore, the defendant argues that there is no genuine issue of material fact as to whether the defendant owed a duty of care to the plaintiff.
Liability for injuries due to defective premises is predicated upon possession and control of the premises, as opposed to mere ownership. Mack v. Clinch, 166 Conn. 295, 296, 348 A.2d 669 (1974);Farlow v. Andrews Corp., 154 Conn. 220, 225, 224 A.2d 546 (1966). In situations involving leased premises, "[u]nless it is definitively expressed in the lease, the circumstances of the particular case determine whether the lessor has reserved control of the premises or whether they were under the exclusive dominion of the tenant, and it becomes a question of fact and is a matter of intention in the light of all the significant and attendant facts which bear on the issue." Panaroni v. Johnson, 158 Conn. 92, 98,256 A.2d 246 (1969). "[I]f honest and reasonable persons could fairly reach different conclusions on the question, then the issue should properly go to the jury for their determination." Darling v.Burrone Bros., Inc., 162 Conn. 187, 192, 292 A.2d 912 (1972).
In the present case, Garbo's leased space at 581 West Putnam Avenue from Aries for the purpose of operating its restaurant, and John Lium was Garbo's president. Affidavit of John Lium, ¶ 4. The plaintiff has alleged that Lium and Garbo's were in possession and control of the parking lot and parking lot lights when she was allegedly injured. Although Lium submitted an affidavit in which he attests that neither he nor Garbo's was in possession or control of the parking lot or the parking lot lights, the plaintiff submitted an excerpt from the deposition transcript of Michael Propersi in which he testified that he was responsible for some of the lighting fixtures in the parking lot, while other lighting CT Page 6482 fixtures were the responsibility of the proprietors of Marlo's Cafe. Deposition Transcript of Michael Propersi, p. 62. Furthermore, unlike in Lazarin v. Shawmut Bank of Connecticut,
supra, 9 CSCR 805, the defendant has not submitted a copy of the relevant lease provisions establishing which party had control over the parking lot.
In order to prevail on a motion for summary judgment, "[t]he movant must [make a showing] that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted.) Miller v. United Technologies Corp., 233 Conn. 732,751-52, 660 A.2d 810 (1995). In light of the deposition testimony of Michael Propersi and in the absence of a copy of the relevant lease provisions establishing the issue of possession and control, a genuine issue of material fact exists as to whether Lium owed a duty to the plaintiff as the party in possession and control of the parking lot and parking lot lights.
The defendant also argues that even if he did owe a duty to the plaintiff, he did not breach that duty. According to the defendant, the plaintiff was not a business invitee because she had no relationship whatsoever with Lium or Garbo's on the day of the accident. Even if the plaintiff were a business invitee, the defendant argues that he did not breach any duty to the plaintiff because she was aware of the lighting condition in the parking lot prior to the accident. Finally, the defendant argues that the plaintiff was a licensee, rather than an invitee, and that he did not breach any duty owed to the plaintiff as a licensee because he had no reason to be aware of her presence and the alleged dangerous condition was well known to the plaintiff prior to the accident.
"In general, there is an ascending degree of duty owed by the possessor of land to persons on the land based on their entrant status, i.e., trespasser, licensee or invitee." Morin v. Bell CourtCondominium Assn., Inc., 223 Conn. 323, 327, 612 A.2d 1197 (1992). "A possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe. . . . In addition, the possessor of land must warn an invitee of dangers that the invitee could not reasonably be expected to discover." (Citation omitted.) Id.
"An invitee is either a public invitee or a business visitor." 2 Restatement (Second), Torts § 332(1) (1965). "A public invitee is a person who is invited to enter or remain on land as a member of CT Page 6483 the public for a purpose for which the land is held open to the public." Kolaniak v. Board of Education, 28 Conn. App. 277, 282,610 A.2d 193 (1992). "A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of land." 2 Restatement (Second), Torts § 332(3) (1965); Roberts v.Rosenblatt, 146 Conn. 110, 111, 148 A.2d 142 (1959). "Ordinarily, the status of one who sustains injury while upon the property of another is a question of fact." Id. "Where, however, the facts essential to a determination of the plaintiff's status are not in dispute, a legal question is presented." Id.
In the present case, the plaintiff alleges in the complaint that she was an invitee. Although the plaintiff testified at her deposition that she had no business dealings with the defendant on September 8, 1993; June 28, 1996 Deposition Transcript of Rose Ortiz, pp. 31-33; this does not resolve the issue of whether the plaintiff was a public invitee. "The distinction between one who is an invitee and one who is merely a licensee turns largely on whether the visitor has received an invitation, as opposed to permission, from the possessor of land to enter the land or remain on the land." Corcoran v. Jacovino, 161 Conn. 462, 465-66,290 A.2d 225 (1971). Accordingly, a genuine issue of material fact exists as to whether the plaintiff was an invitee at the time of the accident.
Even if the plaintiff was an invitee, the defendant argues that he fulfilled his obligation to the plaintiff because she was aware of the lighting condition in the parking lot prior to the accident. See Warren v. Stancliff, 157 Conn. 216, 220, 251 A.2d 74
(1968) ("The possessor of land has no duty to warn an invitee of a dangerous condition when the invitee has actual knowledge of the condition."). In support of this argument, the defendant relies on an excerpt from the plaintiff's deposition transcript, in which she indicated that the condition in the parking lot with respect to the lighting existed throughout the summer of 1993, as evidence that the plaintiff knew of the allegedly dangerous condition prior to the accident. See June 28, 1996 Affidavit of Rose Ortiz, p. 66.
Deposition transcripts are insufficient to support a motion for summary judgment. Esposito v. Wethered, 4 Conn. App. 641, 645,496 A.2d 222 (1985). This is because "[a] response to a question propounded in a deposition is not a judicial admission. General Statutes § 52-200. At trial, in open court, the testimony of [the plaintiff] may contradict her earlier statement and a question for CT Page 6484 the jury to decide may then emerge." Id. Thus, a genuine issue of material fact exists as to whether the allegedly dangerous condition in the parking lot was a danger "which the plaintiff could not reasonably be expected to anticipate." Warren v.Stancliff, supra, 157 Conn. 218.
"The duty that a . . . [possessor of land] owes to a licensee, [however,] does not ordinarily encompass the responsibility to keep the property in a reasonably safe condition, because the licensee must take the premises as he finds them." (Internal quotation marks omitted.) Morin v. Bell Court Condominium Assn., Inc., supra,223 Conn. 327. "If the licensor actually or constructively knows of the licensee's presence on the premises, however, the licensor must use reasonable care both to refrain from actively subjecting him to danger and to warn him of dangerous conditions which the possessor knows of but which he cannot reasonably assume that the licensee knows of or by reasonable use of his faculties would observe." (Internal quotation marks omitted.) Id., 329. Constructive knowledge is established where the licensee visited the premises "with such reasonable regularity that his use of the premises was reasonably predictable." Id., 330.
The plaintiff testified at her deposition that she worked at the Connecticut Institute of Art, a tenant at 581 West Putnam Avenue, and therefore visited the premises on a daily basis. June 28, 1996 Deposition Transcript of Rose Ortiz, p. 65. Therefore, there is a genuine issue of material fact as to whether the defendant had actual or constructive knowledge of the plaintiff's presence on the premises.
Where the licensor has actual or constructive knowledge of the licensee's presence, the licensor has a duty to "warn him of dangerous conditions which the possessor knows of but which he cannot reasonably assume that the licensee knows of or by reasonable use of his faculties would observe." Morin v. Bell CourtCondominium Assn., Inc., supra, 223 Conn. 329. Again, the defendant relies on an excerpt from the plaintiff's deposition transcript as evidence that the plaintiff knew of the allegedly dangerous condition prior to the accident. See June 28, 1996 Affidavit of Rose Ortiz, p. 66. As discussed above, deposition transcripts are insufficient to support a motion for summary judgment. Esposito v. Wethered, supra, 4 Conn. App. 645. Accordingly, even if the plaintiff was a licensee, as the defendant argues, a genuine issue of material fact exists as to whether the defendant knew of the allegedly dangerous condition and could not CT Page 6485 "reasonably assume that the [plaintiff knew] of or by reasonable use of [her] faculties would observe." Morin v. Bell CourtCondominium Assn., Inc., supra, 223 Conn. 329.
Based upon the foregoing, the defendant's motion for summary judgment is denied.
D'ANDREA, J.