[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On August 19, 2002, the plaintiff, Jeffrey Mangels, filed a four count revised complaint against the defendants, Fred Yale, doing business as USA Gym, also known as Fred Yale's Training Center and Sports Therapy and doing business as USA Productions; Jeffrey Hahn,[1] also known as Rocky Shore; the town of Fairfield; and the board of education of the town of Fairfield. Mangels seeks damages for injuries he allegedly sustained while participating in a wrestling match at Roger Ludlowe Middle School in Fairfield, Connecticut. Each count of the complaint sounds in negligence and is brought against Yale, the sponsor and producer of the wrestling event; Hahn, the owner and installer of tile wrestling ring; the town; and the board of education respectively.
On August 22, 2002, the town filed a motion to strike count three of the revised complaint, accompanied by a supporting memorandum. Mangels has filed a memorandum in September 13, 2002, Mangels filed a memorandum in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.)Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). "A motion to strike . . . does not admit legal conclusions or the truth or accuracy ofopinions stated in the pleadings." (Emphasis in original; internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 588, 693 A.2d 293 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) CT Page 15518 Id., 580.
The town moves to strike count three on the ground that it fails to state a negligence cause of action. In support of its motion, the town argues that count three fails to allege that the town owed a duty of care to Mangels and that the town breached a duty to Mangels as a licensee. The town further argues that count three is legally insufficient because Mangels has failed to allege that the town owned, possessed, controlled or installed the wrestling ring and performance area where Mangels was allegedly injured.[2]
Mangels argues in opposition that he has sufficiently alleged that the town owed him a duty as an invitee or business visitor. Mangels further argues that he has sufficiently alleged that the town breached this duty when, inter alia, it permitted the event to take place at the middle school and failed to exercise reasonable care in "either [choosing] not to inspect the wrestling ring and surroundings or negligently [failing] to realize that proper safety precautions were never met or taken. . . ." (Mangels' Memorandum of Law in Opposition to the Motion to Strike, p. 4.)
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual. . . . The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." (Citations omitted; internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 566, 707 A.2d 15 (1998). "A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." (Internal quotation marks omitted.) Burns v. Board of Education, 228 Conn. 640, 646, 638 A.2d 1
(1994).
To allege any action in tort, "the complaint must show a primary right in the plaintiff invaded by the defendants' wrong. Conduct on the part of the defendants which amounts to a breach of some duty owed by them to the plaintiff must appear in the averments." Valin v. Jewell, 88 Conn. 151,153, 90 A. 36 (1914). "It is essential to a cause of action based on negligence that the breach of some legal duty to the plaintiff be alleged, for negligence is, by definition, the breach of a duty." Dohertyv. Town of Winchester, 18 Conn. Sup. 475, 476, 118 A.2d 629 (1954); see, e.g., Schurgast v. Schumann, 156 Conn. 471, 473, 242 A.2d 695 (1968) ("since there is no allegation of negligence on the part of the CT Page 15519 defendants, it fails to set forth a cause of action.") "Therefore an essential averment in a complaint predicated upon an alleged defective condition existing on premises is an allegation that the defendant had some control over the alleged defective condition and hence a right as well as a duty to remedy the condition." Cieszynski v. FranklinCorporation, 25 Conn. Sup. 342, 345, 203 A.2d 676 (1964).
In count three, Mangels incorporates paragraphs one through four and six through thirteen of count one, which allege, inter alia, that on January 22, 2000, Mangels sustained injuries when he fell from a wrestling ring onto a gymnasium floor while performing at the school. Mangels also alleges that his injuries were the result of the failure of Yale, his agents, servants and/or employees to place mats around the wrestling ring. Mangels further alleges that the wrestling match was open to the public and that an admission fee was charged, a portion of which went to the board of education. In paragraph five of count three, Mangels alleges that on "December 21, 1999, the Buildings Reservation Department of the Town of Fairfield, Fairfield Public Schools, accepted and authorized the defendant, Fred Yale's, as representative for USA Productions, request for use of the Roger Ludlowe Middle School Gym on Saturday, January 22, 2000 from 5:00 p.m. to 11:00 p.m."
"It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . Amodjo v. Cunningham, 182 Conn. 80, 83, 438 A.2d 6
(1980). Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically. . . ." Doe v. Yale University,252 Conn. 641, 667, 748 A.2d 834 (2000). However, "[i]t is well settled that essential allegations in a pleading may not be supplied by conjecture or remote implication. "A pleading must allege the facts upon which a party proposes to rely in such a way as fairly to apprise the court and the opposing party of his claims.' Rusch v. Cox, 130 Conn. 26,33, 31 A.2d 457 (1943)." Santiago v. Commissioner of Correction,39 Conn. App. 674, 682, 667 A.2d 304 (1995).
Count three does not support a claim of negligence against the town. In count three, Mangels fails to allege, nor can it be fairly inferred from the facts alleged, that the town owed him a duty to use care, which arose "from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." (Internal quotation marks omitted.) Burns v. Board of Education, supra, 228 Conn. 646. Nor, even assuming a duty could be conjured up, does the revised complaint disclose CT Page 15520 how, if at all, the town breached that duty. There are no specifications of negligence against it. Rather, the only allegation of count three that references to the town is paragraph five, which alleges that the use of the middle school for the wrestling match was authorized by the "Buildings Reservation Department of the Town of Fairfield, Fairfield Public Schools. . . ."
The motion to strike is granted.
BY THE COURT
 ___________________ Bruce L. Levin Judge of the Superior Court